IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **06-20079**

**CIV - HUCK**

MAGISTRATE JUDGE SIMONTON

LIL' JOE WEIN MUSIC, INC., a Florida Corporation,

Plaintiff,

vs.

CURTIS JAMES JACKSON, p/k/a 50 CENT, SHADY RECORDS, INC., a New York Corporation, AFTERMATH ENTERTAINMENT, INC., a California Corporation, INTERSCOPE RECORDS, INC., a Delaware Corporation, UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP., a California Corporation

Defendants.
_______________________________________/



COMPLAINT
AND DEMAND FOR JURY TRIAL

Plaintiff, Lil' Joe Wein Music, Inc. (Lil' Joe Wein"), sues Defendants, Shady Records, Inc. ("Shady"), Aftermath Entertainment, Inc. ("Aftermath"), Interscope Records, Inc. ("Interscope"), Universal Music & Video Distribution Corp. ("Universal") and Curtis James Jackson p/k/a 50 Cent ("50 Cent") and asserts:

1. These claims arise under the Copyright Laws of the United States, 17 U.S.C. § 101, et seq., and U.S.C. § 1338 as hereinafter more fully asserted.

PARTIES

2. Lil' Joe Wein is a Florida Corporation authorized to do business and doing business at its principal place of business in Miami-Dade County, Florida. Lil' Joe Wein is a citizen of Florida, engaged in the music publishing business.



3. Curtis James Jackson p/k/a 50 Cent is believed to be a citizen of Connecticut, engaged as a recording artist.

4. Shady is a New York corporation with its principal place of business at 2220 Colorado Avenue, Santa Monica, California. Shady is a citizen of California and New York, engaged in the production business.

5. Aftermath is a California corporation with its principal place of business at 2220 Colorado Avenue, Santa Monica, California. Aftermath is a citizen of California, engaged in the record production business.

6. Interscope is a Delaware corporation with its principal place of business at 2220 Colorado Avenue, Santa Monica, California. Aftermath is a citizen of Delaware and California, engaged in the record distribution business.

7. Universal is a Delaware corporation with its principal place of business in New York State and is a citizen of New York State, engaged in the record distribution business.

8. This is an action for damages and injunctive relief of a value greater than $75,000.00.

JURISDICTION

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) as an action under 17 U.S.C. § 101, et seq. this Court also has jurisdiction under 28 U.S.C. § 1332 as an action between citizens of different states with an amount in dispute exceeding $75,000.00.

10. Each of the Defendants is within jurisdiction of this Court under Florida State Chapter 48.193, in that each Defendant has engaged in or carried on business in this state, has committed tortuous acts within this state, has caused injury to Plaintiff within the state arising

out of acts of each Defendant outside of the state at a time when each of the defendants' products were used and consumed within this state in the ordinary course of commerce and use. Furthermore, this court has jurisdiction over each defendant in that each has engaged in substantial and not so isolated activity within the state.

11. Venue is proper in this state pursuant to 28 U.S.C. § 1391(b) and (c),

GENERAL ALLEGATIONS-PLAINTIFF'S RIGHTS

12. Plaintiff, Lil' Joe Wein is registered owner of a musical composition copyright for the song "I Like It, I Love it" under the United States Copyright Office, Copyright PA 855-147 issued August 4, 1997 (the "147 Copyright").

13. Plaintiff, Lil' Joe Wein is the registered owner of musical composition copyright for the song "I Like It, I Love it" under the United States Copyright Office, Copyright PA 881-642 issued December 29, 1997 (the "642 Copyright").

14. Plaintiff, Lil' Joe Wein is the registered owner of musical composition copyright for the song "Its Your Birthday" under the United States Copyright Office, Copyright PA 877-745 issued August 4, 1997 (the "745 Copyright").

15. Plaintiff, Lil' Joe Wein is the registered owner of musical composition copyright for the song "Its Your Birthday (Bonus Remix)" under the United States Copyright Office, Copyright PA 1-072-403 issued March 10, 2000 (the "403 Copyright").

16. The '147 Copyright, the '642 Copyright, the '745 Copyright and the '403 Copyright each is material wholly original with the author as set forth in those copyrights and each was copyrightable subject matter under the laws of the United States.

17. Pursuant to contracts, assignments and bills of sale executed by the authors and related entities with rights in the subject copyrights, and by assignments properly recorded before

the United States Copyright Office, plaintiff has been assigned and it owns exclusive right, title and interest to each of the copyrights and all claims and causes of action under applicable copyright law.

18. Plaintiff is currently, and all relevant times, has been the sole proprietor of all right, title and interest into the above-referenced copyrights and has produced and distributed the copyrighted works in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

19. Defendants Shady, Aftermath, Interscope, Universal and 50 Cent, jointly and severally, participated in the reproduction of the infringing works as set forth below, prepared derivative works of the copyrighted works as set forth below, and distributed copies or phonorecords of the copyrighted works by sale or other transfer of ownership.

## COUNT I
## Damages for Copyright Infringement, 17 U.S.C. § 101, et seq. Regarding Copyright PA 877-745 By "Get Rich or Die Tryin"

20. Plaintiff realleges and reasserts paragraphs 1 through 19 as though fully set forth herein.

21. Each of the Defendants jointly and severally participated in and continue to participate in the preparation of, recording and distribution of a phonorecord (in the form of a compact disk "CD") entitled "Get Rich or Die Tryin" in 2003, catalog number 0694935452.

22. The CD "Get Rich or Die Tryin" contained a song "In Da Club" which infringes Plaintiff's '745 copyrighted work "Its Your Birthday."

23. The acts of the Defendants constitute the reproduction of Plaintiff's '745 Copyright work in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

24. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '745 Copyright in contravention of 17 U.S.C. § 106(2).

25. The Defendants' actions each constitute the distribution of copies of phonorecords of the Plaintiff's copyrighted work in the '745 Copyright by sale or other transfer of ownership in contravention of 17 U.S.C. § 106(3).

26. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '745 Copyright work by recording, producing, distributing and placing on the market phonorecords, throughout the United States including in the district, that reproduced the '745 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

27. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

28. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

29. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

30. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

31. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 US.C. § 505, and such other and further relief as the Court deems just and proper.

32. Plaintiff realleges and reasserts paragraphs 1 through 19 as though fully set forth herein.

33. Each of the Defendants jointly and severally participated in and continue to participate in the preparation of, recording and distribution of a phonorecord (in the form of a compact disk "CD") entitled "Get Rich or Die Tryin" in 2003, catalog number 0694935442.

34. The CD "Get Rich or Die Tryin" contained a song "In Da Club" which infringes Plaintiff's '745 copyrighted work "Its Your Birthday."

35. The acts of the Defendants constitute the reproduction of Plaintiff's '745 Copyright work in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

36. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '745 Copyright in contravention of 17 U.S.C. § 106(2).

37. The Defendants' actions each constitute the distribution of copies or phonorecords of the Plaintiff's copyrighted work in the '745 Copyright by sale or other transfer of ownership in contravention of 17 U.S.C. § 106(3).

38. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '745 Copyright work by recording, producing, distributing and placing on the market, throughout the United States including this District, phonorecords that reproduced the '745 Copyright work or contained derivative works thereof authorization by the Plaintiff.

39. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

40. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

41. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

42. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

43. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

44. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

45. Each of the Defendants jointly and severally participated and continue to participate in the recording of a phonorecord (in the form of a compact disk 'CD") entitled "get Rich or Die Tryin" in 2003, catalog number 0694935452.

46. The CD "get Rich or Die Tryin" contained a song "In Da Club" which infringes Plaintiff's '403 copyrighted work "Its Your Birthday (Bonus Remix)."

47. The acts of the Defendants constitute the reproduction of plaintiff's copyrighted '403 Copyright work in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

48. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '403 Copyright in contravention of 17 U.S.C. § 106(2).

49. The Defendants' actions each constitute the distribution of copies of phonorecords of the plaintiff's copyrighted work in the '403 Copyright by sale or other transfer of ownership in contravention of 17 U.S.C. § 106(3).

50. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '403 Copyright work by recording, producing, distributing and placing on the market phonorecords, throughout the United States including this District, that reproduced the '403 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

51. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

52. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

53. Plaintiff is entitled to recovery of its attorney's fees and costs pursuant to 17 U.S.C. § 505.

54. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

55. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

## Count IV
## Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
## Regarding Copyright 1-172-403
## By "Get Rich or Die Tryin" (Explicit)

56. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

57. Each of the Defendants jointly and severally participated and continues to participate in the recording of a phonorecord (in the form of a compact disk "CD") entitled "Get Rich or Die Tryin" in 2003, catalog number 0694935442.

58. The CD "Get Rich or Die Tryin" contained a song "In Da Club" which infringes Plaintiff's '403 copyrighted work "Its Your Birthday (Bonus Remix)."

59. The acts of the Defendants constitute the reproduction of Plaintiff's '403 Copyright work in copies and phonorecords in contravention of Plaintiff's right under 17 U.S.C. § 106(1).

60. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '403 Copyright in contravention of 17 U.S.C. § 106(2).

61. The Defendants' actions each constituted the distribution of copies or phonorecords of the Plaintiff's copyrighted work in the '403 Copyright by sale or other transfer of ownership in contravention of 17 U.S.C. § 106(3).

62. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '403 Copyright work by recording, producing, distributing and placing in the market, throughout the United States including this District, phonorecords that reproduced the '403 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

63. As a result of Defendant's actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gain, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

64. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

65. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

66. Plaintiff has incurred reasonable attorney's fees with the undersigned counsel for pursuing its rights in this action.

67. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorney's fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

Count V
Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
Regarding Copyright PA 855-147
By DVD "50 Cent The New Breed"

68. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

69. Each of the Defendants jointly and severally participated and continue to participate in the recording and distribution of a phonorecord in the form of a DVD entitled "50 Cent The New Breed" in 2003, catalog number B0000313-00.

70. The DVD "50 Cent The New Breed" contains the composition "I Like It, I Love It" synchronized to the audio visual medium thereby infringing Plaintiff's '147 copyrighted work "I Like It, I Love it."

71. The acts of the Defendants constitute the reproduction of Plaintiff's copyrighted '147 Copyright work in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

72. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '147 Copyright in contravention of 17 U.S.C. § 106(2).

73. The Defendants' actions each constitute the distribution of copies or phonerecords of the Plaintiff's copyrighted work in the '147 Copyright by sale or other transferable ownership in contravention of 17 U.S.C. § 106(3).

74. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '147 Copyright work by recording, producing, distributing and placing on the market throughout the United States and this District, phonorecords that reproduced the '147 Copyright work or contained derivative works thereof without authorization by the Plaintiff in the contravention of 17 U.S.C. § 106(3).

75. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

76. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. 504(c)(2).

77. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. 505.

78. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

79. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

Count VI
Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
Regarding Copyright PA 855-147
By DVD "50 Cent The New Breed" (Explicit)

80. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

81. Each of the Defendants jointly and serially participated and continue to participate in the preparation, recording and distribution of a phonorecord in the form of a DVD entitled "50 Cent The New Breed" in 2003, catalog number B0000108-00.

82. The DVD "50 Cent The New Breed" contains the composition "I like It, I love it" synchronized to the audio visual medium thereby infringing Plaintiff's '147 Copyrighted work "I Like It, I Love it."

83. The acts of the Defendants constitute the reproduction of Plaintiff's copyrighted '147 Copyright work in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

84. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '147 Copyright in contravention of 17 U.S.C. § 106(2).

85. The Defendants' actions each constitute the distribution of copies or phonorecords of the Plaintiff's copyrighted work in the '147 Copyright by sale or other transferable ownership in contravention of 17 U.S.C. § 106(3).

86. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '147 Copyright work by recording, producing, distributing and placing the market, throughout the united States including this District, phonorecords that reproduced the '147 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

87. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

88. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504©(2).

89. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

90. Plaintiff has incurred reasonable attorney's fees with the undersigned counsel for pursuing its rights in this action.

91. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

Count VII
Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
Regarding Copyright 881-642
By DVD "50 Cent The New Breed"

92. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

93. Each of the Defendants jointly and severally participated and continue to participate in the preparation, recording and distribution of a phonorecord in the form of a DVD entitled "50 Cent The New Breed: in 2003, catalog number B0000313-00.

94. The DVD "50 Cent The New Breed" contains the composition "I Like It, I Love It" synchronized to the audio visual medium thereby infringing Plaintiff's '642 copyrighted work "I Like it, I Love It."

95. The acts of the Defendants constitute the reproduction of Plaintiff's copyrighted '642 Copyright work in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

96. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '642 Copyright in contravention of 17 U.S.C. § 106(2).

97. The Defendants' actions each constituted the distribution of copies or phonorecords of the Plaintiff's copyrighted work in the '642 Copyright by sale or other transferable ownership in contravention of 17 U.S.C. § 106(3).

98. By their actions, each of the Defendants has infringed or has contributed to the infringement upon the Plaintiff's '642 Copyright work by recording, producing, distributing and placing on the market throughout the United States and this District, phonorecords that reproduced the '642 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

99. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

100. Furthermore, the actions of Defendants were willful and Plaintiff's entitled to the statutory damages as provided fro under 17 U.S.C. § 504(c)(2).

101. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

102. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

103. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in the 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

Count VIII
Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
Regarding Copyright No. PA 881-642
By DVD "560 Cent The New Breed" (Explicit)

104. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set for the herein.

105. Each of the Defendants jointly and severally participated and continue to participate in the preparation, recording and distribution of a phonorecord in the form of a DVD entitled "50 Cent The New Breed" in 2003, catalog number B0000108-00.

106. The DVD "50 Cent The New Breed" contains the composition "I Like It, I Love It" synchronized to the audio visual medium thereby infringing Plaintiff's '642 copyrighted work "I Like It, I Love It."

107. The acts of the Defendants constitute the reproduction of Plaintiff's copyrighted '642 Copyright work in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

108. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '642 Copyright in contravention of 17 U.S.C. § 106(2).

109. The Defendants' actions each constitute the distribution of copies and phonorecords of the Plaintiff's copyrighted work in the '642 Copyright by sale or other transferable ownership in contravention of 17 U.S.C. § 106(3).

110. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '642 Copyright work by recording, producing, distributing and

placing on the market, throughout the United States including this District, phonorecords that reproduced the '642 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

111. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

112. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

113. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

114. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

115. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant or damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

Count IX
Damages for Infringement, 17 U.S.C. § 101, et seq.
Regarding Copyright PA 877-745
By DVD "50 Cent The New Breed"

116. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

117. Each of the Defendants jointly and severally participated and continue to participate in the preparation, recording and distribution of a phonorecord in the form of a DVD entitled "50 Cent The New Breed" in 2003, catalog number B0000313-00.

118. The DVD "50 Cent The New Breed" contains the composition " I Like It, I Love it" synchronized to the audio visual medium thereby infringing Plaintiff's rights under 17 U.S.C. 50 Cent The New Breed" 106(1).

119. The acts of the Defendants constitute the reproduction of the Plaintiff's copyrighted '745 Copyright in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

120. Each of the Defendants' actions constitute the preparation of a derivative work based upon the Plaintiff's copyrighted '745 Copyright in contravention of 17 U.S.C. § 106(2).

121. The Defendants' actions each constitute the distribution of copies or phonorecords of the Plaintiff's copyrighted work in the '745 Copyright by sale or other transferable ownership in contravention of 17 U.S.C. § 106(3).

122. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '725 Copyright work by recording, producing, distributing and placing on the market, throughout the United States including this District, phonorecords that reproduced the '745 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

123. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

124. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

125. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

126. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

127. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

Count X
Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
Regarding Copyright No. PA 877-745
By DVD "50 Cent The New Breed" (Explicit)

128. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

129. Each of the Defendants jointly and severally participated and continue to participate in the preparation, recording and distribution of a phonorecord in the form of a DVD entitled "50 Cent The New Breed" in 2003 catalog number B0000108-00.

130. The DVD "50 Cent The New Breed" contains the composition "I Like it, I Love it" synchronized to the audio visual medium thereby infringing Plaintiff's '745 copyrighted work "I Like it, I Love It."

131. The acts of the Defendants constitute the reproduction of Plaintiff's copyrighted '745 Copyright in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

132. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '745 Copyright in contravention of 17 U.S.C. § 106(2).

133. The Defendants' actions each constitute the distribution of copies or phonorecords of the Plaintiff's copyrighted work in the '745 Copyright by sale or other transferable ownership in contravention of 17 U.S.C. § 106(3).

134. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '745 Copyright work by recording, producing, distributing and placing on the market, throughout the United States Including this District, phonorecords that reproduced the '745 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

135. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendants the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

136. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

137. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

138. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

139. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

## Count XI
## Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
## Regarding Copyright No. PA 1-072-403
## By DVD "50 Cent The New Breed" (Explicit)

140. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

141. Each of the Defendants jointly and severally participated and continues to participate in the preparation, recording and the distribution of a phonorecord in the form of a DVD entitled "50 Cent The New Breed" in 2003 catalog number B0000108-00.

142. The DVD "50 Cent The New Breed" contains the composition "I Like It, I Love It" synchronized to the audio visual medium thereby infringing Plaintiff's '403 copyrighted work "I Like It, I Love It."

143. The acts of the Defendants constitute the reproduction of Plaintiff's copyrighted '403 Copyright in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

144. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '403 Copyright in contravention of 17 U.S.C. § 106(2).

145. The Defendants' actions each constitute the distribution of copies and phonorecords of the Plaintiff's copyrighted work in the '403 Copyright by sale or other transferable ownership in contravention of 17 U.S.C. § 106(3).

146. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '403 Copyright work by recording, producing, distributing and placing on the market, throughout the United States including this District, phonorecords that reproduced the '403 Copyright work or contained derivative works thereof without authorization by the Plaintiff.

147. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendant as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

148. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

149. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

150. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

151. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

Count XII
Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
Regarding Copyright No. PA 1-072-403
By DVD "50 Cent The New Breed"

152. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

153. Each of the Defendants jointly and severally participated and continues to participate in the preparation, recording and distribution of a phonorecord in the form of a DVD entitled "50 Cent The New Breed" in 2003, catalog B0000313-00.

154. The DVD "50 Cent The New Breed" contains the composition "I Like It, I Love It" synchronized to the audio visual medium thereby infringing Plaintiff's '403 copyrighted work "I Like It, I Love It."

155. The acts of the Defendants constitute the reproduction of Plaintiff's copyrighted '403 Copyright in copies and phonorecords in contravention of Plaintiff's rights under 17 U.S.C. § 106(1).

156. Each of the Defendants' actions constitute the preparation of a derivative work based upon Plaintiff's copyrighted '403 Copyright contravention of 17 U.S.C. § 106(2).

157. The Defendants' actions each constitute the distribution of copies and phonorecords of the Plaintiff's copyrighted work in the '403 Copyright sale or other transferable ownership in contravention of 17 U.S.C. § 106(3).

158. By their actions, each of the Defendants has infringed or has contributed to the infringement upon Plaintiff's '403 Copyright work by recording, producing, distributing and

placing n the market, throughout the United Sates including this District, phonorecords that reproduced the '403 Copyright work or contained derivative works thereof without authorization.

159. As a result of Defendants' actions, Plaintiff is entitled to recover from each Defendant the damages that Plaintiff has sustained or will sustain as a result of each Defendant's conduct, and any gains, profits and advantages obtained by the Defendants as a result of Defendants' acts of infringement or, alternatively, statutory damages as provided for in 17 U.S.C. § 504, et seq.

160. Furthermore, the actions of Defendants were willful and Plaintiff is entitled to the statutory damages as provided for under 17 U.S.C. § 504(c)(2).

161. Plaintiff is entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

162. Plaintiff has incurred reasonable attorneys' fees with the undersigned counsel for pursuing its rights in this action.

163. All conditions precedent to the filing of this action have been performed or have otherwise occurred.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, interest, costs, attorneys' fees under 17 U.S.C. § 505, and such other and further relief as the Court deems just and proper.

Count XIII
Damages for Copyright Infringement, 17 U.S.C. § 101, et seq.
Regarding Copyright PA 1-072-403
By Licensing Third Party Exploitation

164. Plaintiff repeats and realleges paragraphs 1 through 19, as fully set forth herein.

165. Each of the Defendants jointly and severally participated and continues to participate in the licensing to third parties of the sound recording "In Da Club" which contains

infringement upon Plaintiff's Composition copyright thereby infringing Plaintiff's '745 and/or '403 Copyright.

166. Such licenses include but is not limited to exploitation for digital downloading, ringtones, compilation albums and on other uses currently unknown to the Plaintiff.

167. By such acts, Defendants have illegally copies of sustained parties of Plaintiff's copyrights and have illegally distributed, publicly performed made available and place into the stream of commerce Plaintiff's copyrights.

168. Plaintiff is entitled to an injunction enjoining the Defendants together with their rights, employees, licenses and all persons claiming rights through the Defendant from engaging in forth acts in violation of the copyright laws and infringement of Plaintiff's rights thereunder.

169. Said persons' acts of infringement have and will cause irreparable harm to Plaintiff unless such conduct is halted and permanently enjoined since the reproduction and distribution of a previously unlicensed composition has a special and unique value in the music industry.

170. Plaintiff is further entitled to recover from Defendant the damages including attorneys' fees sustained including any gains profits, licensing fees, royalties and other payments made to the Defendant as a result of the acts described above.

Wherefore, Plaintiff demands Judgment against each Defendant for damages at Plaintiff option as provided for in 17 U.S.C. § 504, together with interest, costs and attorneys' fees pursuant to 17 U.S.C. 505 and such other and further relief as the Court deems just and proper.

Count XIV
Injunctive Relief for Copyright Infringement, 17 U.S.C. §§ 502 and 503

171. Plaintiff realleges and reasserts paragraphs 1 through 163 as though fully set forth at length herein.

172. This is an action for injunctive relief pursuant to 17 U.S.C. §§ 502 and 503.

173. Defendants each continues to have dominion over infringing musical phonorecords and DVD's containing works that infringe on the copyrighted compositions of Plaintiff as set forth above.

174. Each of the Defendants continues to offer for sale their infringing products nationwide and in the State of Florida.

175. Plaintiff is entitled to an injunction restraining each Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts in violation of copyright laws.

176. Plaintiff is entitled to an injunction pursuant to 17 U.S.C. § 502.

177. Plaintiff is entitled, pursuant to 17 U.S.C. § 503 to an order of this Court impounding on such terms as this Court main deem reasonable all infringing products containing unauthorized copies of Plaintiff's musical composition and destruction of all such infringing copies as a final order of this Court.

178. Plaintiff is entitled to recovery of its attorneys' fees to undersigned counsel for pursuing its rights in this action.

179. All conditions precedent to the filing of this action have been performed or otherwise occurred.

Wherefore, Plaintiff respectfully requests permanent injunctive relief enjoining each Defendant from infringing upon Plaintiff's copyrighted music compositions and impounding all

infringing copies and order destruction or other reasonable disposition of all infringing copies, assessing attorneys' fees and costs, and such further relief as this Court deems just and proper.

Demand for Jury Trial

Plaintiff demands Jury Trial of all issues.

Dated this 13th day of January, 2006.

Respectfully Submitted,

WOLFE & GOLDSTEIN, P.A.
Counsel for Plaintiff
Lil' Joe Wein Music, Inc.
100 S.E. Second Street, Suite 3300
Miami, Florida 33131
Tel: (305) 381-7115
Fax: (305) 381-7116
rwolfe@wolfelawmiami.com

By: ______________________
Richard C. Wolfe
Florida Bar No. 355607

H:\Lil' Joe Records\v. Universal Music\Pldgs\complaint.doc

AO 121 (6/90)

| TO: Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | **REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| X ACTION ☐ APPEAL | | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA<br>301 N. Miami Avenue, Room 150<br>Miami, FL 33128 |
|---|---|---|
| DOCKET NO.<br>06-20079-CV-PCH | DATE FILED<br>01/13/06 | |
| PLAINTIFF<br>Lil' Joe Wein Music, Inc. | | DEFENDANT<br>Curtis James Jackson, et al. |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 (see attached) | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | |
|---|---|---|
| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes ☐ No | DATE RENDERED |
|---|---|---|
| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>N. Toloza | DATE<br>1/17/06 |

**DISTRIBUTION:**

1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 06-20079

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Lil' Joe Wein Music, INC, a Florida Corporation

2006 JAN 13 PM 12:53
CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA.-MIA

**DEFENDANTS** Curtis Jackson p/k/a 50 CENT, SHADY RECORDS, AFTERMATH ENTERTAINMENT, INC. Interscope Records, INC., Universal music + video Distribution CORP.

CIV - HUCK

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

MAGISTRATE JUDGE SIMONTON

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade / 06-20079-CV-Huck / Simonton

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WOLFE + GOLDSTEIN, P.A.
100 SE Second Street, Suite 3300
Miami, FL 33131

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: **DADE** (circled), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs.
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☒ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

17 U.S.C. Sec. 101, et. seq. + U.S.C. Sec. 1338 – CopyRight INFRINGEMENT

LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** More than 75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE ____________ DOCKET NUMBER ____________

DATE 1/13/06

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 933402 AMOUNT ______ APPLYING IFP ______ $250.00 JUDGE ______ MAG. JUDGE ______

01/13/06