IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-20079-CIV-HUCK/SIMONTON

LIL' JOE WEIN MUSIC, INC., a Florida
Corporation,

    Plaintiff,

vs.

CURTIS JAMES JACKSON, p/k/a 50
CENT, SHADY RECORDS, INC., a New
York Corporation, AFTERMATH
ENTERTAINMENT, INC., a California
Corporation, INTERSCOPE RECORDS,
INC., a Delaware Corporation, UNIVERSAL
MUSIC & VIDEO DISTRIBUTION CORP.,
a California Corporation

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Lil Joe Wein Music, Inc., ("Lil Joe") a Florida Corporation, files this response to Defendant's Motion for Summary Judgment and in support thereof states as follows:

### OVERVIEW

Lil Joe is a music publishing company which owns the composition copyright to a recording entitled "It's Your Birthday" which was recorded by the artist known as Luke in 1994. It has applied and has been awarded a copyright registration P.A. 877-754. "It's Your Birthday" has been released on numerous albums, released by Lil Joe's sister company, Lil Joe Records, Inc., albums selling more than 1,500,000 million units.



Plaintiff claims that the Defendant's song, "In Da Club", recorded by Curtis James Jackson (known as the artist "50 Cent") was contained on the album "Get Rich or Die Trying" and as contained in the DVD entitled "New Breed" infringes upon "It's Your Birthday" because the lyrics, the vocal parts, the structure of the song, the melodic themes, the rhythms and the rhythmatic placement are substantially similar. In support of its claim, Plaintiff has submitted the expert report of Judith Finell of Judith Finell Music Services Inc. ("Finell") opining to the substantial similarity of the lyrics, the vocals, the structure, the rhythms, the accompaniment, the melodic themes and the rhythmatic placement of both "It's Your Birthday" and "In Da Club".

Defendants do not contest that the two works are substantially similar, rather they assert that the infringing <u>phrase</u> is: 1) not original to Plaintiff's music composition and 2) the alleged infringing phrase is not copyrightable. Defendants' position is clearly contradicted by the Report of Judith Finell.

Defendants are not entitled to Summary Judgment in their favor because: 1) the alleged infringing portion is not limited to just phrases of lyrics (as Defendants assert), 2) the Plaintiff has presented sufficient evidence that "It's Your Birthday" is original and copyrightable to create an issue of contested fact for a jury to decide, 3) the Plaintiff has presented sufficient evidence that substantial portions of "It's Your Birthday" (are the key elements of Defendant's work) which has been intentionally infringed by the Defendants and 4) there is an issue as to of the credibility of Defendant's key witness). At the very least, the evidence presented by the Plaintiff demonstrates material issues of fact in controversy, upon which a Jury could reasonably find in favor of the Plaintiff. As such, Defendant's Motion for Summary Judgment should be denied.

2

WOLFE & GOLDSTEIN, P.A. • 100 S.E. Second Street, Suite 3300 • Miami, Florida 33131
Telephone: (305) 381-7115 • Facsimile: (305) 381-7116

## I. STATEMENT OF UNDISPUTED FACTS

<u>The Plaintiff</u>: The Plaintiff is a music publishing business owned by Joseph Weinberger. Weinberger Dep. 6:24-7:5, Ex. 1. Plaintiff is the owner of a catalog of compositions, having acquired same following the bankruptcy of Luke Records. Weinberger Dep. 15:13 – 17:2, 69:23 – 72:7.

Bankruptcy Judge Robert Mark entered an Order which approved the sale of all of the composition and sound recording copyrights previously owned by Luke Records to Plaintiff. Pursuant to said Order, Plaintiff also acquired all of the contract rights accruing in favor of Luke Records. Weinberger Dep. 15:18-16:5.

Two of the artists that were under an exclusive contract to Luke Records were Luther Campbell ("Campbell") and Christopher Wongwon ("Wongwon"). All of the recordings and compositions created by said artists during the period of the contract with Luke Records are owned by Plaintiff. Weinberger Decl. ¶ 18.

Two of the composition copyrights, written by Campbell and/or Wongwon during the period of their contract with Luke Records, are now owned by Plaintiff are "It's Your Birthday" and "Birthday Jams". See Weinberger Declaration at Paragraph 19. "It's Your Birthday" is an original song written by Campbell. Weinberger Decl. ¶19.

"It's Your Birthday" was recorded by Campbell, who is professionally known as "Luke". "It's Your Birthday" was contained on numerous albums released by Luke Records and on subsequent albums released by Plaintiff, including those albums on the list described below.

CD's:

| Catalog No. | Name Of Album | Artist | Selection No. |
|---|---|---|---|
| XR6996-2 | FREAK FOR LIFE | LUKE | 2 |
| XR217-2 | LUKE GREATEST HITS | LUKE | 1 |
| XR218-2 | LUKE GREATEST HITS | LUKE | 1 |

3

| Catalog No. | Name Of Album | Artist | Selection No. |
|---|---|---|---|
| XR220-2 | LUKE'S HALL OF FAME | VARIOUS | 12 |
| XR221-2 | LUKE'S HALL OF FAME | VARIOUS | 12 |
| XR222-2 | LUKE'S HALL OF FAME | VARIOUS | 12 |
| XR229-2 | LUKE'S HALL OF FAME VOL. 2 | VARIOUS | 12 |
| XR230-2 | LUKE'S HALL OF FAME VOL. 2 | VARIOUS | 10 |
| XR236-2 | BOOTY MIXX PARTY CLUB CLASSICS | VARIOUS | 13 |
| XR237-2 | BOOTY MIXX PARTY CLUB CLASSICS | VARIOUS | 13 |
| XR255-2 | BASS MIXX PARTY | VARIOUS | 10 |
| XR256-2 | BASS MIXX PARTY | VARIOUS | 10 |
| XR260-2 | LUKE'S BOOTY CALLS & CHANTS | LUKE | 13 |
| XR271-2 | BOOTY ESSENTIALS 2001 | VARIOUS | 15 |
| XR272-2 | BOOTY ESSENTIALS 2001 | VARIOUS | 15 |
| XR292-2 | GOTTA LOT OF BOOTY | VARIOUS | 3 |
| XR293-2 | GOTTA LOT OF BOOTY | VARIOUS | 3 |
| XR297-2 | BOOTY SUMMER PARTY 2003 | VARIOUS | 3 |
| XR298-2 | BOOTY SUMMER PARTY 2003 | VARIOUS | 3 |
| XR299-2 | BOOTY CLASSICS THROWBACK | VARIOUS | 7 |
| XR300-2 | BOOTY CLASSICS THROWBACK | VAROUS | 7 |

DVD's

| Catalog No. | Name Of Album | Artist | Selection No. |
|---|---|---|---|
| LJR217-9 | LUKE GREATEST HITS | VARIOUS | 4 |
| LJR218-9 | LUKE GREATEST HITS | LUKE | 4 |
| LJR220-9 | LUKE'S HALL OF FAME | VARIOUS | 11 |
| LJR222-9 | LUKE'S HALL OF FAME | VARIOUS | 11 |
| LJR297-9 | BOOTY SUMMER PARTY 2003 | VARIOUS | 3 |
| LJR300-9 | BOOTY CLASSICS THROWBACK | VARIOUS | 7 |

Those albums have sold in excess of 1,500,000 copies. See Weinberger Declaration at Paragraph 20.

"It's Your Birthday" is considered one of the most recognized songs in hip-hop music. Weinberger Decl. ¶¶ 6,7. Plaintiff filed and has been awarded a copyright certificate for "It's Your Birthday", a true and correct copy of which is attached to Plaintiff's Complaint. Weinberger Decl. ¶ 3.

The Defendants:

Plaintiff agrees with Defendants' version of the uncontested facts about the Defendants. Defendant, Curtis James Jackson (50 Cent) has recorded a song entitled "In Da Club", which was contained on an album entitled "Get Rich or Die Trying" and on a DVD entitled "The New Breed".

Infringement:

"In Da Club" contains music, lyrics, melodies and rhythms that are substantially similar to music, beats, melodies and rhythms contained in "It's Your Birthday". See Report of Judith Finell paras. 2, 3, 5, 9, 14, 18 and 19. Weinberger Decl. ¶ 4.

50 Cent has recorded music describing how he likes to come to South Beach and "hang out" with Campbell. Weinberger Decl. ¶ 14.

## II. MEMORANDUM OF LAW

A.  Standard for Summary Judgment.

Defendants agree with Plaintiff's statement of the Law regarding the standard for Summary Judgment. However, Plaintiff asserts that Summary Judgment is not appropriate here since the issues of substantial similarity and originality are contested and because there exists substantial issues as to the credibility of Defendant's key witness.

In order to defeat Summary Judgment, a Defendant need only raise issues of contested fact and present some evidence upon which a reasonable jury could find in favor of the non-moving party. See United States v. Four Parcels of Real Property 941 F. 2d 1428, 1457 (11th Cir 1991). In making this determination, the Court must consider all of the evidence in a light most favorable to the nonmoving party and draw all inferences in favor of the non moving party. Dibrell Bros. Inter. SD v. Banca Nationale Del Lavaro 38 F 3rd 157, 1518 (11th Cir. 1994). An

issue is genuine if the record, taken as a whole, could lead a rationale trial of fact to find in favor of the non moving party. Allen v. Tyson Foods 121 F.3d 642, 646 (11th Cir. 1997).

Three elements must be proven to establish a prima facie case for copyright infringement: (1) that the Plaintiff owns a valid copyright; (2) that the Defendant copied constituent elements of the copyrighted work; (3) these elements are original (to the Plaintiff)." Feist Publications v. Rural Telephone Service Co. 499 U.S. 340, 361 113 L. Ed.2d 358, 111 S.Ct. 1282 (1991). To establish copying, a Plaintiff must show: the Defendants had access to Plaintiff's work and Defendants' composition is so substantially similar to Plaintiff's work that any observer would recognize the alleged work as that of the Plaintiff's work. Original Appalachian Artworks, Inc. v. Toiloff, 684 F.2d 821, 829 (11th Cir. 1982); Ellis v. Diffie, 177 F.3d 503 (6th Cir. 1999). Here, Defendant's do not dispute that Plaintiff owns a valid copyright in "It's Your Birthday", nor that 50 Cent had access to "It's Your Birthday" to copy same. Rather, they merely attack the issue of substantial similarity and originality.

As demonstrated by Declaration of Joseph Weinberger and the expert report of Judith Finell, Plaintiff has presented sufficient evidence to preclude the issuance of Summary Judgment in favor of Defendants.

B.   Originality -   There Are Key Issues Of Fact In Controversy Regarding The Prior Works Of Art That Defendants Allege Preclude A Finding Of Originality And There Are Issues Of Credibility With Respect To Defendants' Key Witness.

Defendants claim that "It's Your Birthday" is not original to the Plaintiff because there are two prior works that are substantially similar to the Plaintiff's work to preclude a finding of originality as demonstrated by the Declaration of Campbell, the author of "It's Your Birthday" As shown below, Defendants position is based upon facts that are in controversy and Campbell's credibility must be assessed by the jury as to bias and truthfulness.

First Defendants allege without support that this case is only about lyrics, in its naked form. However, as demonstrated by the expert report of Judith Finell and the Declaration of Joseph Weinberger, it is the lyrics <u>together</u> and in combination with the rhythms, beats and rhythmic content that is alleged to be infringed, not just the lyrics. Since the Defendants do not claim that the melodies, rhythms, <u>and</u> beats of "It's Your Birthday" when used in conjunction with the lyrics are not original to Plaintiff. Rather, Defendants attempt to mislead this Court by alleging that <u>only</u> the lyrics consisting of the chant "Go ___, it's your birthday", and "Go, go, go", are not original to the Plaintiff. Defendants' argument ignores Plaintiff's claim that the copyright infringement occurred not only as a result of the lyrics, but because lyrics, when combined with the rhythms, melodies, structure and musical settings which are original to Plaintiff, make the two works substantially similar. See Judith Finell's Report paras. 2, 3, 5, 9; Weinberger Decl ¶ 4. Judith Finell, who after comparing the two works, opined:

1. The rhythms and rhythmic placement were identical as well as the words and include the same musical distinctiveness including syncopation. Finell Report ¶12.

2. The substantial similarities between these works surpass the shared phrase "It's Your Birthday" and similarities are also found in the vocal material that precedes those lyrics. Finell Report ¶14.

3. The two works share similar or identical elements of lyrics, rhythms and rhythmic placement in the same way, in the sequence of these themes. Finell Report ¶18.

4. The particular way in which these similarities co-exist, "as a kind of constellation in both "Birthday" and "In Da Club" makes it highly unlikely that "In Da Club" CD would have been created independently of "Birthday". Finell Report ¶ 19.

7

Joseph Weinberger, who has worked in the music industry since 1991 testified "In Da Club" contains a substantial portion of "It's Your Birthday" including common lyrics, common rhythms, common beats and common melodies and are taken from the most recognizable portion of "It's Your Birthday" and included into the hook of "In Da Club". Weinberger Decl. ¶4.

Indeed, Judith Finell likewise concluded that: "It's Your Birthday" achieved great notoriety and is considered to be among the more successful and admired works within the genre...(which) make it quite probable that "In Da Club" CD copied Birthday 1 and was not created independently of it." Finell Report ¶ 11.

The infringing portion is not hidden in "In Da Club". Rather it is prominently featured as a key element or "hook" of "In Da Club". Finell states that: "this "prominent" position emphasizes the importance of this feature in "In Da Club CD". Clearly, this portion of "In Da Club CD" is a material element of the song". Finell Report ¶13; *see also* Weinberger Decl. ¶ 4.

Thus, the cases cited by the Defendants, that uphold Summary Judgment based upon claims of naked common phrases or lyrics, (without more) are inapplicable in the instant case.

The testimony presented by Plaintiff describing the substantially similar lyrics, rhythms, rhythmatic placement and beats raise substantial issues of fact, in controversy, to preclude summary judgment. See <u>Positive Black Talk Inc. v. Cash Money Records, Inc.</u> 2003 US Dist. Lexis 6843 (E.D.L.A. 2003) (the Court refused to grant summary judgment on the issue of the use of a common phrase). In <u>McKinley v. Collin Ray</u> 1998 U.S. Dist. Lexis 3019 ( N.D. Texas 1998), the Court stated summary judgment was precluded where a Plaintiff's submitted an expert report (by Judith Finell) opining that two works in question were substantially similar holding

"based upon the testimony in the Finell affidavit, the Court finds that the expert analysis is sufficient to raise a triable dispute of fact under the extrinsic test."

Like the 5th Circuit in McKinley, this Circuit has adopted the two part test to show substantial similarity, an extrinsic (objective) test and an intrinsic (subjective) test. See Herzog v. Castle Rock Entertainment 193 F 3d 1941 (11th Cir 1999). The extrinsic test requires analytical dissection and expert testimony, as each party here has presented, in the form of the conflicting reports of Judith Finell and Lawrence Ferrara. However, the intrinsic test "depends on the response of the ordinary reasonable person and neither analytical dissection nor expert testimony are appropriate under this analysis...whether two works are substantially similar is generally a fact issue that does not lend itself to summary judgment." McKinley supra, *citing* Zambito v. Paramount Pictures Corp. 613 F. Supp. 1107, 1110 (E.D. NY. 1985) *aff'd* 788 F.2d 2 (2nd cir. 1995). Thus, this Court cannot make the appropriate analysis under the intrinsic test at the summary judgment stage. Rather, both works must be submitted to the Jury to determine if the ordinary listener recognizes "In Da Club" to have emanated from "It's Your Birthday". While Plaintiff asserts that the Jury will make such a finding, the Jury must nevertheless be given that opportunity.

Defendants assert that there are two prior works of art that are substantially similar to "It's Your Birthday" and that precludes a finding of originality. Defendant's assertion of prior art is based upon issues of contested fact on the subject and Plaintiff has raised substantial issues regarding the credibility of Defendant's witness. As stated, Defendants position ignores "It's Your Birthday"s melody and rhythms, that are found in "In Da Club". Defendant introduces an expert report of Trish Rose and a Declaration of Luther Campbell to claim the common lyrics are trite or commonplace and that shows certain lyrics contained in "It's Your Birthday" are not

9

original. These Declarations are insufficient, as a matter of law to preclude a finding that Plaintiff's work is original and issues regarding the credibility of Mr. Campbell likewise precludes the granting of Summary Judgment.

Plaintiff does not agree with Defendant's assertion that the allegedly infringed upon portions of "It's Your Birthday" are neither unique nor subject to copyright protection. The effort to claim that the chorus of "It's Your Birthday" lacks originality involves an inappropriate effort to reduce the chorus to a mere sequence of notes. This effort is routinely rejected in music copyright cases. Swirsky v. Carey, 376 F.3d 841, (9th Cir.2004)[1] Indeed, Ms. Rose's opinion only examines the lyrics without considering the related rhythms, harmonies and rhythmic placement.

Defendant also claims that Plaintiff's work is not original due to the release of a prior movie entitled "Who's the Man?" during which, an actor, Ed Lover, allegedly states the line "Go Wesley, Go Wesley, Go, Go, Go Wesley. It's Your Birthday". Defendants assert, without any support that a line in a movie can defeat originality in a subsequent recording of music. Again, in making this argument, Defendants ignore the rhythms, melodies and rhythmic placement in

---

[1] The Ninth Circuit stated: "In analyzing musical compositions under the extrinsic test, we have never announced a uniform set of factors to be used. We will not do so now. Music, like software programs and art objects, is not capable of ready classification into only five or six constituent elements; music is comprised of a large array of elements, some combination of which is protectable by copyright. For example, In Three Boys we upheld a jury finding of substantial similarity based on the combination of five otherwise unprotectable elements; (1) the title hook phrase (including the lyric, rhythm, and pitch); (2) the shifted cadence; (3) the instrumental figures; (4) the verse/chorus relationship; and (5) the fade ending. Other courts have taken account of additional components of musical compositions, including melody, harmony, rhythm, pitch, tempo, phrasing, structure, chord progressions and lyrics. See Ellis v. Diffie, 177 F.3d 503, 506(6th Cir. 1999) (noting that the district court had compared idea, phraseology, lyrics, rhythms, chord progressions, "melodic contours," structures, and melodies under "ordinary observer" test); Cottrill v. Spears, 2003 WL 21223846 at *9 (E.D. Pa. May 22, 2003) (unpublished disposition) (comparing pitch, chord progression, meter, and lyrics under extrinsic test); Tisi v. Patrick, 97 F.Supp.2d "striking similarity" test; McKinley v. Rave, 1998 WL 119540, pt *5 (N.D. Tex. March 10, 1998) (mem.) (analyzing lyrics, melodies, and song structure); Damiano v. Sony Music Entm't, Inc. 975 F.Supp. 623, 631 (D.N.J.1996) (analyzing instrumentation and melody under the extrinsic test); Sylvestre v. Oswald, 1993 WL 179101, at *4 (S.D.N.Y. May 18, CBS, Inc. 757 F.Supp. 274, 280 (S.D.N.Y.1991) (analyzing chord progression, structure, pitch, and harmony under substantial similarity (FN16) test). In addition, commentators have opined that timbre, tone, spatial organization, consonance, dissonance, accents, note choice, combinations, interplay of instruments, basslines, and new technological sound can all be elements of a musical composition.

which the lyrics are sung in "It's Your Birthday" as described in Finell's Report. Defendants do not attempt to describe how the line is spoken in the movie in terms of rhythms, melodies and rhythmatic placement nor do they state whether it is similar to "It's Your Birthday" as is alleged, with respect to "In Da Club". Second, the lyrics as allegedly spoken by Ed Lover and contained in "Who's The Man" are hardly discernable to the ordinary listener without specialized listening equipment. Weinberger Decl. ¶13. Defendant's expert Lawrence Ferrara acknowledged that he was able to discern in the line spoken by Ed Lover, which are spoken with overlaying speeches by other actors, by listening to the movie on his high end earpiece, provided by New York University Music School, through sophisticated equipment with top of the line headphones. Contrast this to the Declaration of Joseph Weinberger who states with the ordinary ear, he was unable to discern the line spoken by Ed Lover. The third issue of contested fact is whether or not "Who's The Man" is a movie in circulation or distribution such that it could be considered the source or the inspiration for "It's Your Birthday". Weinberger Decl. ¶ 13.

C.   Issues Regarding The Credibility Of Defendant's Witness Precludes Summary Judgment.

Defendants also submit the Declaration of Luther Campbell in support of their position that "It's Your Birthday" is not original to the Plaintiff. First, this Declaration only addresses the issue of the lyrics, not the lyrics when used in conjunction with the rhythm, rhythmic placement, melodies or when rapped in unique syncopation as described by Finell. More importantly, the testimony of Mr. Campbell raises substantial issues of his credibility, which precludes Summary Judgment. In response, Plaintiff submits the Declaration of Mr. Weinberger stating that: 1) Campbell has made public statements in opposite to his Declaration, 2) that Campbell threatened Weinberger that he would submit false testimony in this case unless Plaintiff paid Campbell, 3) that Campbell has expressed bias, making public anti-Semitic statements about Mr. Weinberger,

11

Weinberger Decl. ¶16, and 4) that Mr. Campbell has been found to engage in fraudulent behavior and exhibited bias against Plaintiff. Weinberger Decl. ¶ 16. Defendants rely heavily upon Mr. Campbell's declaration that there is no infringement. However, Mr. Campbell made statements to Weinberger, to a reporter and on his website which contradict his declaration. His own website says it all, "Indeed 50 Cent's biggest hit 'In Da Club' borrowed its signature hook from Campbell's classic "It's Your Birthday." Weinberger Decl. ¶ 15. Thus, in order to determine the key issues of this case, the trier of fact must determine the reliability and credibility of Mr. Campbell and consider his public statements which contradict his declaration and the opinions of Lawrence Ferrara and support Judith Finell's conclusions of infringement. These issues of contested fact preclude the granting of summary judgment in favor of Defendants. La Paz v. Danzl, 646 F. Supp 914 (N.D. Ill. 1986); System Management Arts Inc. v. Avesta 160 F. Supp 2d 580 (S.D. N.Y 2001)

Next, Defendant's claim that the song "Birthday Jams" recorded by the artist known as Miami Bass DJ's contains substantially similar lyrics to "It's Your Birthday" and that precludes Plaintiff's claim that "It's Your Birthday" is an original work. However, this evidence is controverted in two regards: 1) There is an issue of contested fact as to whether or not "Birthday Jams" was created before or after "It's Your Birthday" and 2) there is an issue of contested fact as to whether or not Plaintiff is the owner of "Birthday Jams". Weinberger Decl. ¶18. If a jury finds in favor of the Plaintiff on either of these issues, such would preclude Defendant's defense that "Birthday Jams" is prior art which precludes the existence of a finding of originality of "It's Your Birthday".

Defendants' alleges that "Birthday Jam" was created prior to (or at least roughly contemporaneously with) the creation of "It's Your Birthday". However, on cross examination,

12

WOLFE & GOLDSTEIN, P.A. • 100 S.E. Second Street, Suite 3300 • Miami, Florida 33131
Telephone: (305) 381-7115 • Facsimile: (305) 381-7116

Dr. Ferrara admitted there was no direct evidence of when Birthday Jams was created and that he relied on unreliable hearsay information from an unknown internet source for his opinion that "Birthday Jams" was <u>released</u> before "It's Your Birthday". Ferrara Depo. 64:8-65:10; 65:3-10. Dr. Ferrara further acknowledged that he had no information as to which recording ("Birthday Jams" or "It's Your Birthday") was <u>created</u> first. Ferrara's Depo. 64:8-65:10.

Further, as demonstrated in Joseph Weinberger's Declaration, Wongwon, the author of "Birthday Jams" and the artist who performed as the Miami Bass DJ's was a party to an exclusive song writing agreement and exclusive artist agreement with Luke Records at the time he allegedly created "Birthday Jams". Since Plaintiff has acquired the all rights to works owned by Luke Records, Plaintiff would, in any event, own the copyright to "Birthday Jams". Weinberger Decl. ¶18. The Court cannot resolve either of these issues of contested fact at the summary judgment stage in this proceeding.

    D.    <u>Inferences Of Third-Party Licenses Must Be Construed In Favor Of Plaintiff.</u>

Plaintiff has represented unrebutted evidence that numerous third-party media companies have licensed from Plaintiff the right to use just the lyrics "It's Your Birthday." Those media companies include, Sony Pictures, Sony/BMG Music, Warner Brothers, Touchstone Pictures (ABC), MTV, the nationally syndicated radio show "The Tom Joyner Show" and Island Records (a subsidiary of Defendant, Universal Music). See Weinberger Declaration at Paragraphs 8 and 9.

The logical inference of these licenses is that the licensee companies would not need to obtain these licenses and pay a hefty licensing fee, if in fact Plaintiff did not own original copyrightable material to "It's Your Birthday." Thus evidence of the licenses directly contradicts the testimony provided by Defendants' expert, Lawrence Ferrara.

13

WOLFE & GOLDSTEIN, P.A. • 100 S.E. Second Street, Suite 3300 • Miami, Florida 33131
Telephone: (305) 381-7115 • Facsimile: (305) 381-7116

Additionally, Mr. Campbell's statements to Weinberger, to the Ft. Lauderdale Sun Sentinel and on his website that "In Da Club" infringes upon "It's Your Birthday" is evidence of its originality as well as the fact that Mr. Campbell and his record company, a subsidiary of Defendant, Universal Music, licensed the lyrics "It's Your Birthday." Weinberger Decl. 15, 17.

The logical inference of this evidence is that both Defendant Universal Music and Campbell believe the Plaintiff owns an original, copyrightable composition in "It's Your Birthday;" for otherwise, there would be no need for them to enter into these licenses.

The inferences from this testimony rebut the Defendants' assertion that "It's Your Birthday" is not original.

## CONCLUSIONS

This case presents: 1) many issues of contested facts, including the conflicting expert opinions of Plaintiff's Judith Finell and Defendant's Lawrence Ferrara; 2) issues regarding the credibility of Defendant's key witness, and 3) inferences in favor of the Plaintiff's position that must be resolved by the Jury. Additionally, under the intrinsic test, the jury must be afforded the opportunity to compare the two works in question. Based on the foregoing, Plaintiff, Lil Joe Wein Music, requests this honorable Court to deny Plaintiff's Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

I certify that a copy hereof was mailed to Karen Stetson, Esq., P.O. Box 403023, Miami, FL 33140, Russell Frackman, Esq., Mitchell, Silverberg & Knupp, LLP, 11377 West Olympic Blvd., Los Angeles, CA 90064 on September 26, 2006.

WOLFE & GOLDSTEIN, P.A.
100 S.E. Second Street, Suite 3300
Miami, Florida 33131
Telephone: (305) 381-7115
Facsimile: (305) 381-7116

By: _____
RICHARD C. WOLFE
FL Bar No. 355607

H:\Lil' Joe Records\v. Universal Music\Pldgs\response to Def. Motion Summary Judgment.doc