UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-20079-CIV-HUCK

LIL' JOE WEIN MUSIC, INC., a Florida
Corporation,

        Plaintiff,

v.

CURTIS JAMES JACKSON, p/k/a 50 CENT,
SHADY RECORDS, INC., a New York Corporation,
AFTERMATH ENTERTAINMENT, INC., a California
Corporation, INTERSCOPE RECORDS, INC., a
Delaware Corporation, UNIVERSAL MUSIC
& VIDEO DISTRIBUTION, CORP., a California
Corporation,

        Defendants.
_____/

NIGHT BOX RECEIVED

OCT 0 4 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM
INTRODUCING EVIDENCE OR ARGUMENT CONCERNING LICENSES
ISSUED BY PLAINTIFF TO THIRD PARTIES (NOT INVOLVED IN THIS
LAWSUIT) TO USE THE SOUND RECORDINGS, MUSICAL
COMPOSITIONS OR PHRASES AT ISSUE IN THIS LAWSUIT**

Defendants, Curtis James Jackson, p/k/a 50 Cent, Shady Records, Inc., Interscope Records and Universal Music & Video Distribution, Corp. (collectively "Defendants"), by and through undersigned counsel, hereby file their motion *in limine* to preclude Plaintiff from presenting at trial any argument or evidence concerning other licenses purportedly issued by Plaintiff to third parties (not involved in this lawsuit) to use the phrases at issue in this lawsuit ("Go_____, it's your birthday" and "I like it, I love it") (the "Phrases") or other elements of the musical compositions or sound recordings of "It's Your Birthday" and "I Like It, I Love It" in works that are not at issue in this lawsuit.



This action encompasses two separate copyright infringement claims each based on a short, common, non-copyrightable lyrical phrase that is not original to Plaintiff's musical compositions. All that is at issue in this case are two short phrases: (1) "I like it, I love it," a call-and-response chant in existence for many years prior to its use by Campbell and 2 Live Crew; and (2) "Go _____, it's your birthday," a hip hop chant that was used and heard in nightclubs and parties for many years prior to its use by Campbell.

Plaintiff has produced in discovery a number of licenses issued by Plaintiff authorizing third parties (not involved in this lawsuit) to use the ***sound recordings*** "I Like It, I Love It" and "It's Your Birthday" and several other licenses issued by plaintiff authorizing third parties (not involved in this lawsuit) to use the ***musical compositions*** of "It's Your Birthday" and "I Like It, I Love It."[1] A sound recording results from the fixation of a series of musical, spoken, or other sounds. A musical composition consists of music, including any accompanying words. Copyright Office Circular 56a, "Copyright Registration of Musical Compositions and Sound Recordings," Revised July 2006. See *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248-49 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004) ("Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights."). Plaintiff apparently intends to use evidence of these licenses to bolster its argument that the Phrases are copyrightable or original. See Plaintiff's Response to Defendants' Motion for Summary Judgment (DN # 57). The introduction of evidence of either type of license is improper and should be excluded from use at trial.

---

[1] Plaintiff's principal, Joseph Weinberger, has referenced an additional license, which was not produced in discovery, in his Declaration filed in opposition to Defendants' pending Motion for Summary Judgment.

### Sound Recording Licenses

Plaintiff does not and cannot claim that Defendants have infringed any *sound recording* copyright owned by Plaintiff. Weinberger Depo. 103:23-104:10; See 17 U.S.C. § 114(b) (infringement of sound recording requires mechanical duplication of "actual sounds fixed in the recording"). In other words, no claim has been made that any of the Defendants have utilized the actual recorded version of either "It's Your Birthday" or "I Like It, I Love It" as performed by Luther Campbell or 2 Live Crew. Rather, Plaintiff alleges only infringement of certain lyrics from two *musical compositions*, divorced from the manner of *performance* of those lyrics by any specific performer or on any particular recording. Evidence of any licenses authorizing the use of the sound recordings of "It's Your Birthday" or "I Like It, I Love It" is not proper evidence and should be excluded at trial.

### Musical Composition Licenses

Plaintiff also apparently intends to use evidence of licenses to utilize the musical composition in support of its argument that the Phrases are copyrightable or original. See Plaintiff's Response to Defendant's Motion for Summary Judgment at paragraph 7 ("The lyrics and melody line of "It's Your Birthday" by Luke have been recognized by almost all of the major record companies, television and movie studios to be both original and copyrightable"). Plaintiff's argument presumably is that because *other* persons or entities obtained licenses from Plaintiff authorizing the use of the songs for use in *other* musical compositions, movies or television shows, the Phrases must be copyrightable and

original. However, the evidence that Plaintiff intends to offer does not support this proposition, and thus is irrelevant for the basic reason that the mere existence of a license (or a party's attempt to license a work) does not mean that a license is necessary or that the licensing party has somehow "deemed" the licensed work copyrightable. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 585 n.18 (1994) (request for permission to use the original irrelevant to whether taking is a fair use). To the contrary, the prior licenses "may simply have been [obtained] in a good-faith effort to avoid…litigation." *Id. see also Bill Graham Archives v. Dorling Kindersley Ltd.*, 386 F. Supp. 2d 324, 333 (S.D.N.Y. 2005) ("licenses are frequently requested where no license is needed 'in a good-faith effort to avoid … litigation'"), *aff'd*, 448 F.3d 605, 615 (2d Cir. 2006) ("a publisher's willingness to pay license fees for reproduction of images does not establish that the publisher may not, in the alternative, make fair use of those images."); *Hofheinz v. AMC Productions, Inc.*, 147 F. Supp. 2d 127, 139 (E.D.N.Y. 2001) ("Plaintiff argues that the fact that defendants paid to exhibit clips of shorter duration than those at issue in the infringement claims and sought to obtain a license to exhibit a clip from 'The Amazing Colossal Man' demonstrates that defendants were aware that the uses at issue were not 'fair.' However, an equally persuasive inference is that defendants sought to avoid litigation."); *Kane v. Comedy Partners*, 2003 WL 22383387, *6 (S.D.N.Y. 2003) (plaintiff "highlights the fact that another program … paid her $200 for a one-time use of a three-second clip of her program…but the Court must be careful to avoid the danger of circularity inherent in such a consideration…. Plaintiff is simply not entitled to licensing fees for uses of her work that otherwise qualify as fair uses.").

Accordingly, the existence of prior licenses, even for the use of the Phrases, is not a proper evidentiary basis on which to infer that the Phrases are original or that their use without a license constitutes copyright infringement.

There is no evidence (and Plaintiff does not intend to produce or offer any evidence) as to the motivations behind the execution of any of the licenses. For example, Plaintiff has not listed any of the licensing parties as witnesses. Accordingly, if the licenses are introduced, the jury will be left to surmise and speculate as to the reasons for their execution, or Defendants will be forced to provide testimony as to these reasons. Indeed, even if it could be proven (which it cannot) that the licenses were entered because of some ***subjective*** belief by the licensing party that the Phrases are copyrightable, this is irrelevant to the pure legal question of whether the Phrases ***actually*** are copyrightable or original. Thus, any evidence concerning licensing of the Phrases for use in movies, television shows or in other songs, by other entities is merely a distraction that will divert the jury's attention from the actual infringement claims here.

Moreover, even if some marginal relevance could be ascribed to these licenses, determining that relevance (or the degree thereof) of any of the licenses would be a substantial, wasteful, and ultimately prejudicial exercise. The confusion these licenses would create is compounded by the fact that in most cases, the <u>actual use</u> of the licensed work is not clear from the face of the license and Plaintiff has not produced copies of the television shows, etc. which would show precisely how the licensed work was actually used. Any claim of similarity would necessitate an examination of these works so that the jury could determine whether the uses in these works include only the non-

copyrightable elements of Plaintiff's works as in this case in *In Da Club*, "Get Rich or Die Tryin'" and "The New Breed" DVD.[2]

The admission of such evidence would be unduly time-consuming, unfairly prejudicial and unnecessarily confusing and should not, therefore, be permitted. *Burley v. Homeowners Warranty Corp*, 773 F. Supp. 844, 857-58 (S.D. Miss. 1990); *De Pue v. Sears Roebuck & Co.*, 812 F. Supp. 750, 753-54 (W.D. Mich. 1992) ("[A]llowing plaintiff to attempt to prove that the other incidents are substantially similar to the accident at issue here during the course of this trial would result in ten not-so-mini-but-actually-large sub-trials.").

## Conclusion

Defendants respectfully request this Court's entry of an order that the Court preclude Plaintiff from presenting at trial any argument or evidence concerning any such third-party licenses.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

Undersigned counsel has in good faith conferred with Plaintiff's counsel in an effort to resolve this issue without Court action, but Plaintiff's counsel would not consent to the relief sought herein.

---

[2] Defendants do not contend that the sound recording or musical composition of either "I Like It, I Love It" or "It's Your Birthday" <u>as a whole</u> is incapable of copyright protection.

CASE NO.: 06-20079-CIV-HUCK

Russell J. Frackman, Esq.
MITCHELL SILBERBERG & KNUPP, LLP
Trial Counsel for Defendants
Universal Music & Video Distribution,
Corp. and Interscope Records
11377 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: 310-312-2000
Facsimile: 310-312-3100

and

KAREN L. STETSON, ESQ.
Trial Counsel for Defendants
Curtis James Jackson p/k/a 50 Cent and
Shady Records, Inc.
and Local Counsel for Defendants
Universal Music & Video Distribution,
Corp. and Interscope Records
P.O. Box 403023
Miami, Florida 33140
Telephone: 305-532-4845
Facsimile: 305-604-0598

By: /s/ Karen L. Stetson
Karen L. Stetson
Florida Bar No. 742937
Meredith A. Frank
Florida Bar No. 502235

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via U.S. Mail to Richard Wolfe, Esq., Wolfe & Goldstein, P.A., 100 Southeast 2nd Street, Suite 3300, Miami, Florida 33131 on this 4th day of October, 2006.

By: /s/ Karen L. Stetson
Karen L. Stetson