UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 06-20079-CIV-HUCK/SIMONTON

LIL' JOE WEIN MUSIC, INC.,

    Plaintiff,
v.

CURTIS JAMES JACKSON, et al.,

    Defendants.
_____/

PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF
DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND
FULL COSTS UNTIL AFTER PLAINTIFF'S APPEAL IS RESOLVED

Plaintiff, Lil' Joe Wein Music, Inc., moves the Court to defer ruling on Defendants' Motion for Attorney's Fees and Costs and states:

1.    On October 27, 2006, this Court entered an Order Granting the Defendants' Motion for Summary Judgment and also entered Final Judgment for the Defendants.

2.    Plaintiff's Notice of Appeal was docketed on November 22, 2006.

3.    On November 27, 2006, Defendants filed their Motion for Attorney's Fees and Full Costs.

4.    Defendants seek attorney's fees and costs as the prevailing party in this copyright infringement action.

5.    Defendants seek over $400,000 in attorney's fees and costs.

6.    Defendants' motion is deficient because it fails to comply with S.D. Fla. L.R. 7.3(a) in numerous respects. The motion is not verified, in violation of S.D. Fla.

L.R. 7.3.(a)(vi). The motion violates S.D. Fla. L.R. 7.3(A)(3) by not certifying that prior to the filing of the motion Defendants' counsel conferred with opposing counsel to attempt to resolve the matters raised in the motion without the need for judicial intervention. In fact, the Defendants' counsel never conferred with Plaintiff's counsel before filing its motion for fees and costs. Pursuant to the last sentence of S.D. Fla. L.R. 7.1(A)(3) the failure to confer alone before the filing of the motion is grounds to deny the motion. Defendants' motion is also deficient in that it fails to advise the Court whether either party requests oral argument on the motion, and if so, the time desired for oral argument.

7. In addition to the procedural deficiencies of the motion, the award of fees is not automatic and to determine whether a prevailing party in copyright litigation is entitled to reimbursement of its attorney's fees from the losing party, the Court must determine whether the lawsuit was frivolous, Plaintiff's motivation for bringing the lawsuit, whether Plaintiff took an objectively reasonable position (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. Jacob Maxwell, Inc. v. Veeck, 110 F.3d 749, 754 (11th Cir. 1997). This standard will effectively require the parties, through their counsel, to reargue most of the merits of the case from each party's perspective.

8. Even if the Court determines that the Defendants are entitled to recover their fees and costs from the Plaintiff, the fees sought are greatly excessive because of the unnecessary work performed, duplicative work performed by the various lawyers and the excessive hourly rate demanded by the Defendants' California counsel. These issues will be the subject of expert testimony from both sides and require the parties to incur

2

significant addition fees and costs, but more importantly, will require at least one day of the Court's time.

9. Finally, much of the costs incurred by the Defendants for which they seek to tax the plaintiff are not recoverable, as admitted by Defendants' expert witness in his affidavit.

10. Thus, the issues to be litigated by the Defendants' motion are complex, expensive to litigate and involve the expenditure of significant judicial resources.

11. It is common knowledge that the losing party on a motion for summary judgment has a far more favorable standard of review than a party who has lost a case at trial after a full development of the facts and a full opportunity for a fact finder to hear all of the evidence in a case.

12. If the Eleventh Circuit Court of Appeal reverses this Court's Summary Judgment then the Defendant would no longer be considered the prevailing party and would certainly have no claim for fees or costs.

13. Deferring consideration of the Defendants' motion would conserve judicial resources by not requiring a lengthy and contentious attorney's fee hearing unless and until the 11th Circuit affirms this Court's underlying summary judgment in the Defendants' favor.

14. Defendants would not be prejudiced by such a delay and would not suffer any adverse economic consequences by having to wait to pursue their fee claims until the outcome of Plaintiff's appeal.

15. In accordance with S.D. Fla. L.R. 7.1.A.3, prior to filing this motion the undersigned conferred with counsel for the Defendants who advised that Defendants object to the relief sought by this motion.

Wherefore, Plaintiff, Lil' Joe Wein Music, Inc., moves the Court to defer consideration of the Defendant's motion until after the conclusion of Plaintiff's appeal.

## MEMORANDUM OF LAW

As noted by the Advisory Committee in its comments to the 1993 amendment to Fed.R.Civ.P. 54, if an appeal on the merits of a case is taken, a court may defer its ruling on a motion for attorney's fees until after the appeal is resolved. Even before the 1993 amendment to Rule 54, it has been standard practice for district courts to defer ruling on attorney's fees and costs until an appeal on the merits of claims are concluded when the outcome of the appeal might affect the district court's award of attorney's fees and costs. Fort v. Roadway Express, Inc., 746 F.2d 744, 747 (11th Cir. 1984). Additionally, after the 1993 amendment to Rule 54, courts have held that if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved. See Loggerhead Turtle v. County Council of Volusia County, Florida, 307 F.3d 1318, 1320 (11th Cir. 2002); Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001); Allen v. Westpoint-Pepperell, Inc., 11 F.Supp. 2d 277, 292 (S.D. N.Y. 1997); Burnley v. City of San Antonio, 465 F.3d 191, 199 (5th Cir. 2006); Quinones v. City of Evanston, 1995 U.S. Dist. Lexis 16515, *3 (N.D. Ill. 1995).

In the case sub judice, the Defendants' fee claim will require lengthy a lengthy response and then reply, expert witnesses, depositions of those experts, paper discovery

concerning the attorney's hourly rates and a contentious hearing. All of this of course would be avoided should the Plaintiff prevail on appeal. It would be prudent not to have the parties and the Court not engage in an expensive, protracted and potentially wasteful exercise of litigating a motion for fees and costs that admittedly would be moot if the plaintiff prevails on appeal.

## CONCLUSION

Based on the foregoing, Plaintiff requests that the court defer consideration of Defendants' Motion for Attorney's Fees and Full costs until after Plaintiff's pending appeal is resolved.

## CERTIFICATE OF SERVICE

I certify that a copy hereof was mailed to Karen Stetson, Esq., P.O. Box 403023, Miami, FL 33140, and to Russell Frackman, Esq., and Mitchell, Silberberg, Esq. 11377 West Olympic Blvd., Los Angeles, CA 90064 on November 30, 2006.

WOLFE & GOLDSTEIN, P.A.
100 S.E. Second Street, Suite 3300
Miami, Florida 33131
Telephone: (305) 381-7115
Facsimile: (305) 381-7116

By: _____
RICHARD C. WOLFE
FL Bar No. 355607
MARK GOLDSTEIN
FL Bar No. 882186