# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

September 07, 2007



Clarence Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI FL 33128-7788

**Appeal Number: 06-16342-AA**
Case Style: Lil' Joe Wein Music, Inc. v. Curtis James Jackson
District Court Number: 06-20079 CV-PCH

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: two folders
    Original record on appeal or review, consisting of: one volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 06-16342

District Court Docket No.
06-20079-CV-PCH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Aug 9, 2007

THOMAS K. KAHN
CLERK

LIL' JOE WEIN MUSIC, INC.,
a Florida corporation,

        Plaintiff-Appellant,

versus

CURTIS JAMES JACKSON,
a.k.a. 50 cent,
SHADY RECORDS, INC.,
a New York Corporation,
AFTERMATH ENTERTAINMENT, INC.,
a California Corporation,
INTERSCOPE RECORDS, INC.,
a Delaware Corporation,
UNIVERSAL MUSIC AND VIDEO DISTRIBUTION CORP.,
a California Corporation,

        Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
SEP 0 7 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: August 9, 2007
For the Court: Thomas K. Kahn, Clerk
By: Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-16342
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 9, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20079-CV-PCH

LIL' JOE WEIN MUSIC, INC.,
a Florida corporation,

Plaintiff-Appellant,

versus

CURTIS JAMES JACKSON, a.k.a 50 cent,
SHADY RECORDS, INC., a New York Corporation,
AFTERMATH ENTERTAINMENT, INC.,
a California Corporation,
INTERSCOPE RECORDS, INC., a Delaware Corporation,
UNIVERSAL MUSIC AND VIDEO DISTRIBUTION CORP.,
a California Corporation,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(August 9, 2007)

Before WILSON, PRYOR and HILL, Circuit Judges.

PER CURIAM:

Plaintiff, Lil' Joe Wein Music, Inc., sued defendants Curtis James Jackson, p/k/a 50 Cent, Shady Records, Inc., Interscope Records, Inc., Universal Music & Video Distribution Corp., for copyright infringement, in violation of 17 U.S.C. § 101. Plaintiff asserted that the defendants' rap song "In Da Club" infringes on its copyright for its rap song "Its Your Birthday." The district court granted summary judgment for defendants, holding that plaintiff was unable to establish that the "In Da club" song is substantially similar to original, copyrightable aspects of "Its Your Birthday." Based upon the well-reasoned and comprehensive opinion of the district court, which we attach hereto, we affirm.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-20079-CIV-HUCK/SIMONTON

LIL' JOE WEIN MUSIC, INC., a Florida
Corporation,

           Plaintiff,

vs.

CURTIS JAMES JACKSON, p/k/a/ 50
CENT, SHADY RECORDS, INC., a New
York Corporation, INTERSCOPE RECORDS,
INC., a Delaware Corporation, UNIVERSAL
MUSIC & VIDEO DISTRIBUTION CORP., a
California Corporation,

           Defendants.
_____/

## ORDER GRANTING FINAL SUMMARY JUDGMENT

THIS MATTER is before the Court upon Defendants' Motion for Summary Judgment [D.E. #43], filed on September 6, 2006. Plaintiff, Lil' Joe Wein Music, Inc. ("Lil' Joe Wein"), has brought an action pursuant to 17 U.S.C. § 101, *et. seq.*, asserting that the Defendants "jointly and severally, participated in the reproduction of the infringing works . . . prepared derivative works . . . and distributed copies or phonorecords of the copyrighted works by sale or other transfer of ownership." Compl. ¶ 19. Specifically, Lil' Joe Wein claims that Defendants' rap song "In Da Club" infringes on Lil' Joe Wein's copyright for its rap song "Its Your Birthday."[1] Because Lil' Joe Wein is unable to establish that the "In Da Club" is substantially similar to original, copyrightable aspects of "Its Your Birthday," Defendants are entitled to final summary

---

[1] Lil' Joe Wein's complaint also alleged that Defendants' DVD, "50 Cent: The New Breed," improperly used Lil' Joe Wein's copyrighted work, "I Like It, I Love It." Those claims have been previously dismissed with prejudice.

judgment.

I.     **Factual and Procedural Background**

Luther Campbell ("Campbell"), professionally known as Luke,[2] is the credited author of the song "Its Your Birthday." Campbell Decl. ¶ 4. The lyrics to "Its Your Birthday" include the phrase "Go _____, it's your birthday" repeated with various proper names used in succession. Although there is some confusion as to the exact date of the song's creation, it appears that Campbell wrote it in March or April of 1994. *See* Weinberger Dep. at 80:23-90:14. The song was first released on July 7, 1994 on the Luke record, *Freak for Life*. *See* Def.'s Ex. 19, Report of Judith Finell, at 1. "Its Your Birthday" later appeared on several albums released by Campbell's record company, Luke Records, which have sold in excess of 1,500,000 copies. Weinberger Decl. ¶ 20. Campbell has stated that the phrase, "'Go _____, it's your birthday' was a chant that was used and heard in the clubs and on radio prior to the creation of the song [sic] "It's Your Birthday." Campbell Decl. ¶ 4.

Lil' Joe Wein is a Florida corporation engaged in the music publishing business. Compl. ¶ 2. Lil' Joe Wein acquired the copyrights at issue in this case at a bankruptcy sale arising from the insolvency of Campbell, Luke Records, and Jamdat Publishing, an entity owned by Campbell. Lil' Joe Wein then became the registered owner of musical composition copyrights for the song "Its Your Birthday" under the United States Copyright Office, Copyright PA 877-745 issued August 4, 1997 ("745 Copyright"). *Id.* ¶14. In addition, Lil' Joe Wein is the registered owner of musical composition copyrights for the song "Its Your Birthday (Bonus Remix)" under the United States Copyright Office, Copyright PA 1-072-403 issued March 10,

---

[2] Luke performed both as a solo act and as a member of the group, "2 Live Crew."

2000 ("403 Copyright").³ *Id.* ¶ 15.

Defendant, Curtis Jackson, p/k/a 50 Cent ("Jackson" or "50 Cent"), is a recording artist who resides in Connecticut. *Id.* ¶ 3. Defendants, Shady Records ("Shady"), Interscope Records, Inc. ("Interscope"), and Universal Music & Video Distribution Corp. ("Universal"), are companies involved in the record production and distribution business. *Id.* ¶¶ 4-7. 50 Cent is the author of the song "In Da Club," which appears on the album *Get Rich or Die Tryin'*, which was released on February 6, 2003. Jackson Decl. ¶ 3. That song opens with the lyrics:

> Go, go, go, go
> Go, go, go shawty
> It's your birthday
> We gon' party like it's yo birthday
> We gon' sip Bacardi like it's your birthday
> And you know we don't give a f—
> It's not your birthday. *Id.* ¶ 4.

50 Cent avers that certain of those lyrics are his original creation, while others are "phrases [he had] heard at hip hop nightclubs, street parties and other hip hop events for many years prior to 1994." *Id.* ¶ 6. Indeed, Defendants set forth numerous instances pre-dating the creation of "Its Your Birthday" where similar expressions of "Go _____, it's your birthday" were used.

Lil' Joe Wein has initiated this litigation pursuant to 17 U.S.C. § 101 *et seq.*, claiming that the words and rhythms of "In Da Club" infringe upon Lil' Joe Wein's copyright to "Its Your Birthday." In their Motion for Summary Judgment, Defendants argue that Lil' Joe Wein's claim for copyright infringement must fail because (1) the phrases at issue are not original to Lil' Joe Wein's songs, (2) the phrases at issue are not copyrightable, and (3) Lil' Joe Wein's and

---

³ There is no substantive difference between the different versions for the purposes of this litigation. Likewise, unless otherwise specified, discussion of "Its Your Birthday" or "In Da Club" refer to all versions of the songs, respectively.

Defendants' works are not substantially similar.

## II. Discussion

### A. Standard of Review

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen*, 121 F.3d at 646. On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party, and determine whether that evidence could reasonably sustain a jury verdict. *Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646.

While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252. A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative is not enough. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

Under these standards, courts have "regularly granted summary judgment in copyright cases where it is clear that the plaintiff cannot make out the elements of the claim" of copyright infringement. *Siskind v. Newton-John*, 1987 WL 11701 at *4 (S.D.N.Y. May 22, 1987). In

approving of the use of summary judgment in copyright cases, the Second Circuit has noted that the remedy "signal[s] an important development in the law of copyright, permitting courts to put 'a swift end to meritless litigation' and to avoid lengthy and costly trials." *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 977 (2d Cir. 1980)

### B. Standard for Establishing Copyright Infringement

Lil' Joe Wein must prove two elements in order to establish its *prima facie* claim for copyright infringement: (1) that it owns a valid copyright in "Its Your Birthday," and (2) that Defendants copied constituent elements of the copyrighted work that are original. *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). If Lil' Joe Wein does not have direct proof of copying, it must establish that Defendants had access to "Its Your Birthday," and that "In Da Club" is so substantially similar to "Its Your Birthday" that "an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821, 829 (11th Cir. 1982). Lil' Joe Wein has shown that it has a valid copyright in "Its Your Birthday." However, it has submitted no evidence of direct copying. Defendants do not dispute that they had access to the immensely popular song. Therefore, the determinative issue before the Court is whether the two works are substantially similar.

### C. Substantial Similarity

In order to establish substantial similarity, Lil' Joe Wein must satisfy a two-pronged test: (1) an extrinsic, objective test, and (2) an intrinsic, subjective test. *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1257 (11th Cir. 1999) (citing *Beal v. Paramount Pictures*, 806 F. Supp. 963, 967 (N.D. Ga. 1992), *aff'd*, 20 F.3d 454 (11th Cir. 1994)). "Under the extrinsic test, a court will

5

inquire into whether, as an objective matter, the works are substantially similar in protected expression." As a part of this test, the Court will determine whether Lil' Joe Wein seeks to protect only uncopyrightable elements; if so, the court will grant summary judgment for defendant. *Id.* Under the extrinsic test, expert testimony is appropriate. *Id.* Under the intrinsic test, a court will determine whether, upon proper instruction, a reasonable jury would find that the works are substantially similar. *Beal*, 806 F. Supp. at 967.

Copyright protection "may extend only to those components of a work that are original to the author." *Feist*, 499 U.S. at 361. Although "Its Your Birthday" is entitled to copyright protection as a work, not every element is protectible *per se*. *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992). "[C]opyright does not prevent subsequent users from copying from a prior author's work those constituent elements that are not original . . . as long as such use does not unfairly appropriate the author's original contributions." *Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 547-48 (1985). The question of substantial similarity can be decided as a matter of law on a motion for summary judgment either where the "similarity concerns only noncopyrightable elements of a plaintiff's work, or when no reasonable trier of fact could find the works substantially similar." *Lassin v. Island Def Jam Music*, No. 04-22320-CIV at 6 (S.D. Fla. Aug. 8, 2005) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986)). "[W]here we compare [works] that contain both protectible and unprotectible elements, our inspection must be 'more discerning'; we must attempt to extract the unprotectible elements from our consideration and ask whether the *protectible elements, standing alone*, are substantially similar." *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995) (emphasis in original, citations omitted). "The copied elements of a work must be original and nontrivial to constitute improper appropriation." *Jean v. Bug Music*, 2002 WL 287785 at *5

(S.D.N.Y. Feb. 27, 2002). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist*, 499 U.S. at 345.

"A signature and long-standing feature of live performance rap music is the hip hop chant. The chant is a form of audience engagement staged by the performer (mc, dj or rapper) who provides a familiar phrase or saying, often in call and response format, designed to energize, include, affirm and engage the audience." Report of Tricia Rose at 2. Both Campbell and Jackson state that they had heard the disputed phrase of "Go \_\_\_\_, its your birthday" and that it was a common hip-hop chant. Numerous postings on USENET,[4] pre-dating the release of "Its Your Birthday," include several uses of the phrase "Go [name], it's your birthday." Likewise, Defendants make reference to many additional songs and books, dated after "Its Your Birthday" but before "In Da Club," that use variations of the "birthday" phrase without license from Lil' Joe Wein.

The Defendants also set forth several specific examples of the use of the phrase before the creation of "Its Your Birthday." First, the Defendants cite the 1993 film *Who's the Man?*, starring Dr. Dre and Ed Lover ("Lover"), two notable MTV personalities at the time. *See* Def. Ex. 20. Ed Lover, who plays an inept barber in the movie, gives a customer a particularly awful haircut. In an effort to assuage the distressed customer, Lover compares him to the famous actor Wesley Snipes. Lover then raps, "Go Wesley, go Wesley, go go go Wesley, it's your birthday." Lover states that the line "was improvised during the filming and was based on a chant commonly heard at the time in nightclubs and on the radio." Lover Decl. ¶ 6.

---

[4] USENET is an online forum for "users to discuss, read about, or post messages on a particular topic," *Ellison v. Robertson*, 357 F.3d 1072, 1074 (9th Cir. 2004).

7

Second, Defendants make reference to the song "The Birthday Jam" by the Miami Bass DJ's. The song, released on June 14, 1994, contains the lyrics, "Go granddad, Its your birthday. Go granddad, Its your birthday . . . Go grandma, Its your birthday. Go grandma, Its your birthday." *See* Pl.'s Ex. 1. Defendants concede that they do not know whether the song was created before or after "Its Your Birthday" was created. However, because "The Birthday Jam" was released publicly before "Its Your Birthday," it appears to have been independently created.[5]

Finally, in a supplemental filing, Defendants set forth a song published on March 1, 1993: "Bounce (Its Your Birthday)," by the Incredible Crew. The song contains the lyrics "go, go, go, go," and "Go [name], and "it's your birthday." Defendants assert that the song incorporates lyrics and rhythms that are identical to "Its Your Birthday."

Lil' Joe Wein disputes the relevance of this evidence. With respect to *Who's the Man?*, Lil' Joe Wein contends: (1) that the Defendants fail to describe how the line is spoken in terms of rhythms, melodies and rhythmatic placement and the nature of its similarity to the songs at issue in this case; (2) that the lyrics are hardly discernable to the ordinary listener without specialized listening equipment; and (3) that there was an issue of contested fact as to whether the film was in circulation or distribution such that it could be considered the source or inspiration for "Its Your Birthday." The Court disagrees.

Lil' Joe Wein's own expert, Judith Finell ("Finell"), states that every element of similarity that exists between "In Da Club" and "Its Your Birthday" is present in *Who's the*

---

[5] Lil' Joe Wein contends that "The Birthday Jam" fails to prove that "Its Your Birthday" is not original because the creator of the former was a party to an exclusive song writing agreement with Luke Records at the time he allegedly created it. Lil' Joe Wein argues that it owns the rights to "The Birthday Jam," therefore. This argument is inapposite with respect to whether the phrase at issue is original in "Its Your Birthday."

8

*Man?*. Finell reached a similar conclusion with respect to "The Birthday Jam," finding the only difference to be the use of different proper names. The Court, without the assistance of any specialized listening equipment, viewed the segment of *Who's the Man?* and had no difficulty discerning the lyrics. Moreover, Lover's declaration only serves to confirm the lyrical content. Finally, the Court takes judicial notice, on the basis of several newspaper articles discussing the film, that *Who's the Man?* received wide commercial distribution.[6] By arguing that the film could not have served as the source or inspiration of "Its Your Birthday," Lil' Joe Wein misses the point. Defendants do not contend that Lil' Joe Wein infringed on another's copyright, but simply that the phrase at issue was a common hip-hop chant at the time. Its presence in *Who's the Man?* serves to bolster that notion.

Lil' Joe Wein offers no evidence to suggest that "Go \_\_\_\_\_, its your birthday" was original to "Its Your Birthday." Of particular note is the fact that the author of the work, Campbell, himself admits that he did not create the phrase, but borrowed it from popular chants at the time. Lil' Joe Wein thus fails to meet *Feist*'s essential requirement that an element be "independently created." Lil' Joe Wein argues that even if those lyrics were not original, the lyrics in combination with the rhythms, beats, and melodies are in fact original. This argument is belied by the testimony of Lil' Joe Wein's own expert, Judith Finell. Although she does recognize similarities between "Its Your Birthday" and "In Da Club," she saw those same similarities in *Who's the Man?* and "The Birthday Jam." Lil' Joe Wein did not submit any evidence refuting Defendants' argument that "Bounce (It's Your Birthday)" incorporates those

---

[6] *See, e.g.*, Roger Ebert, *Yo! MTV Duo Wraps Up a Star-Making Comedy*, Chi. Sun-Times, Apr. 23, 1993, (Weekend Plus) at 42; Janet Maslin, *Review/Film: Dialing 911? Don't Bother*, N.Y. Times, April 23, 1993.

exact same similarities. Furthermore, Finell failed to express any opinion as to the originality of Lil' Joe Wein's use of the contested phrase. Accordingly, because the "birthday" phrase was a common, unoriginal, and noncopyrightable element of the song, it is not entitled to copyright protection.

Other courts dealing with common phrases or chants have reached similar conclusions. *See, e.g., Jean*, at *5-6 (finding that the a sequence of three notes and lyrics lacked requisite originality); *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998) (finding that a prior-used phrase was not deserving of copyright protection); *Boone v. Jackson*, 2005 WL 1560511 at *3 (S.D.N.Y. July 1, 2005). As in those cases, Defendants here have shown that the disputed phrase is unprotectible because it uses a common musical and lyrical phrase that has been use in other prior works. Lil' Joe Wein points to *Positive Black Talk Inc. v. Cash Money Records*, 2003 WL 1921999 (E.D. La. April 21, 2003), which refused to grant summary judgment based upon defendant's claims that the phrase at issue was a common hip-hop chant. There, however, the plaintiff actually asserted that he was the creator of the common chant. Here, to the contrary, the author of the phrase in question concedes that he borrowed it from his experiences at hip-hop events and nightclubs. Because Lil' Joe Wein's action seeks only to protect unprotectible material, it fails the extrinsic test.

To the extent the Defendants even conceded that it did copy the "birthday" phrase portion of the song, Lil' Joe Wein still fails the intrinsic test. Outside of that limited "birthday phrase," there are virtually no similarities between the contested works.[7] Indeed, Lil' Joe Wein does not

---

[7] "For the uninitiated, much of rock music sounds the same, and a hasty comparison . . . could result in a finding of superficial similarity." *Tisi v. Patrick*, 97 F. Supp. 2d 539, 543 (S.D.N.Y. 2000). The same could be said about the hip-hop music at issue in this case. As in *Tisi*, "[a] closer review of the two compositions reveals, however, that they are significantly

allege that any aspect of "In Da Club" infringes upon "Its Your Birthday" other than the initial "birthday" section. Once those non-protectible elements are removed, no similarities remain. Moreover, the disputed phrase, although prominently placed at the beginning of "In Da Club," represents only approximately eleven seconds of a three-minute, thirteen-second song. *See, Jean*, at *5 (finding that in making a determination of whether the copying is so trivial as to be considered *de minimis*, the Court should consider the amount of the copyrighted work that was copied). It is, therefore, the finding of the Court that Lil' Joe Wein fails the intrinsic test as well because the "average lay observer" would not confuse the two works. No reasonable jury, properly instructed, could conclude that Lil' Joe Wein's and the Defendants' compositions are substantially similar.

### III.  Conclusion

For all of the foregoing reasons, having considered the parties' submissions and being duly advised in the premises, Defendants' Motion for Summary Judgment is hereby

GRANTED and the complaint is DISMISSED. All pending motions are hereby DENIED AS MOOT.

DONE AND ORDERED in Chambers, Miami, Florida, this October 27, 2006.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record

---

different. Even to one unversed in the genre, the two songs can be heard to be quite dissimilar." *Id.*