**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  06-20079-CIV-HUCK/SIMONTON**

**LIL' JOE WEIN MUSIC, INC.,**

      **Plaintiff,**

**v.**

**CURTIS JAMES JACKSON, p/k/a**
**50 CENT, et al.,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION RE: DEFENDANTS' RENEWED**
**VERIFIED MOTION FOR ATTORNEY'S FEES AND FULL COSTS**

      Presently pending before this Court is Defendants' Renewed Verified Motion for

Attorney's Fees and Full Costs (DE # 104).  This motion is referred to the undersigned

Magistrate Judge (DE # 92).  The motion is fully briefed (DE ## 104, 106, 107, 111, 116).

For the reasons set forth below, it is recommended that Defendants' motion for

attorney's fees and full costs be granted in part.

      **I.  Background[1]**

      On January 17, 2006, Plaintiff filed a twelve count Complaint alleging violations of

the Copyright Act, 17 U.S.C. § 101 et seq (DE # 1).  In Counts I, IV and XIII[2], Plaintiff

alleged that Defendants' use of the phrase "Go _____, it's your birthday" in their song

"In Da Club" infringed on Plaintiff's copyrights to the song "It's Your Birthday".  In

Counts V through XII, Plaintiff alleged that Defendants' use of the phrase "I Like It, I Love

It" in their song "I Like It, I Love It" infringed on Plaintiff's copyrights to the song "I Like

---

      [1] These facts in this section are taken from the District Court's Order granting
summary judgment to Defendants in this case (DE # 83), which the Eleventh Circuit
adopted in affirming the judgment for Defendants in this case (DE # 102).

      [2] The Complaint does not contain a Count II or Count III (*see* DE # 1 at 8-9).

It, I Love It" (DE # 1).[3]  In Defendants' Answers, they raised, *inter alia*, the affirmative defenses that the alleged infringing portion of Plaintiff's work was not original and/or protectable, and that the infringement was de minimus (DE # 13 at 19; DE # 20 at 19).

On September 6, 2006, Defendants moved for summary judgment on all counts, contending that: 1) the alleged infringing material in each song was not original to Plaintiff's songs; 2) the alleged infringing material in each song was too short, common and trite to be copyrightable and 3) Defendants' uses of the alleged infringing material were de minimus and the works at issue were not substantially similar (DE # 43 at 2-4).

On October 4, 2006, Plaintiff moved to dismiss Counts V through XII of the Complaint, ostensibly to simplify the trial of the case (DE # 59).  On October 12, 2006, Defendants filed a response to Plaintiff's motion, stating that the motion was an attempt to avoid an unfavorable ruling against Plaintiff on the summary judgment motion. Defendants asked the Court to dismiss the counts with prejudice and with a finding that Defendants were the prevailing party on the dismissed claims or, in the alternative, to order Plaintiff to pay the attorney's fees and costs incurred by Defendants in defending against the dismissed claims (DE # 68).  The Court subsequently dismissed these counts with prejudice (DE # 104 at 2, 4).

On October 27, 2006, the District Court entered an order granting Defendants' Motion for Final Summary Judgment on Counts I, IV and XIII.  The Court found that Plaintiff had failed to establish that Defendants' composition "In Da Club" was substantially similar to original, copyrightable aspects of Plaintiff's composition "It's Your Birthday" (DE # 83).  The Court found that the phrase "Go _____, it's your birthday" was not original to Plaintiff's composition "It's Your Birthday", noting that the author of

---

[3] In Count XIV, Plaintiff sought injunctive relief (DE # 1 at 26).

"It's Your Birthday", Luke Campbell, admitted he had not created the phrase but had borrowed it from popular chants, and that Plaintiff's expert witness recognized similarities in "It's Your Birthday", and "In Da Club" as well as in a movie and a song, both of which had been released before Luke Campbell wrote "It's Your Birthday". Moreover, Plaintiff's expert also did not express any opinion as to whether Plaintiff's use of the contested phrase was original (DE # 83 at 9).  Thus, the Court found that the phrase "Go _____, it's your birthday" was a common, unoriginal and noncopyrightable element of "It's Your Birthday", and, therefore, was not entitled to copyright protection (DE # 83 at 9-10).  Moreover, the Court found that outside of the common use of the phrase "Go _____, it's your birthday", there were virtually no similarities between "It's Your Birthday" and "In Da Club", and that no jury could find the songs substantially similar (DE # 83 at 10-11).  The Court then entered final judgment for Defendants (DE # 84).  Plaintiff appealed this judgment (DE # 95).

Defendants then filed a motion for fees and costs (DE # 88).  The undersigned granted Plaintiff's motion to defer consideration of the motion for fees and costs pending the resolution of Plaintiff's appeal (DE ## 94, 99).

On August 9, 2007, the United States Court of Appeals for the Eleventh Circuit issued an opinion affirming the judgment "[b]ased on the well-reasoned and comprehensive opinion of the direct court, which we attach hereto" (DE # 102 at 4).  On September 12, 2007, the Eleventh Circuit issued its mandate (DE # 102).[4]

The instant motion followed.

---

[4] On November 14, 2007, the Eleventh Circuit denied Defendants' request for appellate attorney's fees.  On December 14, 2007, the Eleventh Circuit entered an Order granting Defendants' motion for clarification which stated that the November 14, 2007 Order denied Defendants' request for appellate attorney's fees and did not address the issue of trial attorney's fees.

## II.  Defendants' Motion For Attorney's Fees and Full Costs

For the reasons stated below, it is recommended that Defendants' motion for attorney's fees and full costs be granted in part.

### A.  Defendants' Petition

Defendants, as the prevailing party, move, pursuant to 15 U.S.C. § 505, for $374,825.25 in attorney's fees and full costs in the amount of $35,656.65, for a total award of $410,481.90 (DE # 104 at 15-16).  Section 505 allows this Court, in its discretion, to allow the recovery of a reasonable attorney's fees and full costs to the prevailing party.  Initially, Defendants contend that while in copyright cases attorney's fees under this section are awarded to the prevailing party in the discretion of the trial court, an award is the rule rather than the exception and attorney's fees should be awarded routinely to the prevailing party.  In support of their motion, Defendants rely upon the following factors: 1) they achieved complete success; 2) Plaintiff's claims were, at least, objectively unreasonable; 3) Plaintiff's motivation in filing and pursuing the case was improper; and 4) a fee award would advance considerations of compensation and deterrence.  Defendants also argued that Plaintiff's claim was without merit and was objectively unreasonable in that Plaintiff had no personal knowledge of the originality of the phrases at issue.  Furthermore, while Plaintiff hired a musicologist to opine as to whether the phrases as used by Defendants were substantially similar to their use in Plaintiff's songs, Plaintiff never asked the musicologist to opine on the question of the originality of the phrases, even after receiving the reports of Defendants' experts that the phrases were not original.  Defendants note that Plaintiff was sophisticated and experienced in the music business, had previously filed several lawsuits to enforce copyright interests, and that Plaintiff filed this lawsuit not to protect its copyright, but for

4

commercial gain.  Defendants contend that their defense of their rights supports important policies of the Copyright Act, will benefit future creators, and deserves compensation (DE # 104).

Defendants also contend that their requested attorney's fees were reasonably incurred to defend the action, and that the hourly rates requested were customary, reasonable and fair.  Defendants further request an award of their full costs, pursuant to Section 505 (DE # 104).

B.  Plaintiff's Response

Plaintiff contends that Defendants should not be awarded attorney's fees because 1) the lawsuit was not objectively unreasonable; 2) Plaintiff's motivation for filing the lawsuit was not improper and 3) a fee award to Defendants would not further the interests of the Copyright Act.  Plaintiff asserts that while Luke Campbell, the composer of "It's Your Birthday", stated in his declaration that he did not originate the phrase "Go _____, it's your birthday", Campbell's declaration says nothing about the words combined with the melodies, rhythm, beat, music and syncopation.  Plaintiff further asserts that Defendants' argument that Plaintiff filed the suit with an improper motive cannot be considered without an evidentiary hearing.  Finally, Plaintiff states that raising real issues of fact and law in a non-capricious claim by a non-prevailing plaintiff provides sufficient reason for a court to deny fees to a prevailing defendant (DE # 111).

Plaintiff also contends that the fee application is deficient and that the court should reduce the number of hours claimed by 50%.  Plaintiff complains of block billing, redundant time and expenditures and a lack of billing judgment on behalf of Defendants' counsel.  Plaintiff further argues that the hourly rates requested by Defendants' counsel are too high for this District.  Plaintiff asks that attorneys Frackman, Goldman and

Stetson receive hourly rates of $350.00, rather than the requested rates of $585.00, $427.50 and $375.00, respectively; that attorney Frank receive an hourly rate of $175.00, rather than the requested rate of $250.00; that attorney Gentz receive an hourly rate of $150.00, rather than the requested rate of $238.50; and that paralegal Berkley receive an hourly rate of $85.00, rather than the requested rate of $171.00.  Plaintiff asks that if Defendants are awarded attorney's fees, that they should not exceed $154,986.75 (DE # 111).

Plaintiff further contends that Defendants should only be awarded costs pursuant to 28 U.S.C. § 1920, and request that Defendants be awarded a total of $2,803.44 in costs, which is for deposition transcripts (DE # 111).

C. <u>Defendants' Reply</u>

In reply, Defendants note that Plaintiff does not deny that it never asked its expert witness to opine on the issue of originality on any of four occasions: 1) pre-suit; 2) after Defendants raised originality as an affirmative defense; 3) after Defendants provided their expert report demonstrating the lack of originality; or 4) after Plaintiff asked the Court for additional time so that its expert could opine on originality (*see* DE # 73). Defendants also note that the author of the phrase in question admitted that it was not original (DE # 116).

Defendants also provide authority that, as the prevailing party in a copyright action, they are presumptively entitled to attorney's fees.  Defendants argue that their victory in this case has vindicated one of the purposes of the Copyright Act, the encouragement of the use of public domain or unoriginal portions of works in a new and original way.  Defendants also state that Plaintiff has provided no authority supporting its suggestion that this Court should hold an evidentiary hearing to determine Plaintiff's

motive in filing the case.  Indeed, Defendants state that this Court need not find that Plaintiff's position was frivolous in order to award attorney's fees (DE # 116).

Defendants then argue as to a fee award that there is no prohibition against block billing, no support for reducing all block billed entries by 50%, Plaintiff has not specified any entry for which the total time billed was unreasonable for the activities described, and that all of the fees billed in this case are recoverable.  Defendants also provide authority that having two attorneys revising a motion or preparing for a deposition is not necessarily redundant time.  As to the hourly rates requested for Defendants' counsel, Defendants claim that they are entitled to the fees of their Los Angeles counsel at the billing rates customary for Los Angeles.  Finally, Defendants contend that they are entitled an award for all the costs requested, which are not limited to the costs allowable under 28 U.S.C. § 1920 (DE # 116).

III.  Analysis

A.  Defendants Should Be Awarded Attorney's Fees Under 15 U.S.C. § 505

The undersigned recommends that Defendants, as the undisputed prevailing party, should be awarded attorney's fees and full costs under 15 U.S.C. § 505.[5] Defendants should be awarded attorney's fees under Section 505 because 1) Plaintiff's case was objectively unreasonable, 2) Plaintiff's motivation was questionable; and 3) an award of attorney's fees to Defendants will further the goals of the Copyright Act.

Defendants move for attorney's fees under 15 U.S.C. § 505, which states:

> In any civil action brought under this title, the court in its discretion may allow the recovery of full costs by or against any party. . . . Except as otherwise provided by this title, the court may also award a reasonable attorneys' fees to the prevailing party as part of the costs.

---

[5] There is no request for oral argument on the motion (DE # 116 at 3, fn. 3).

The United States Supreme Court has held that successful plaintiffs and defendants are equally entitled to recover costs and attorney's fees under Section 505. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

Factors to be considered by the court in determining whether to award fees include frivolousness, motivation, objective unreasonableness of the losing party's factual and legal positions, and the need in particular circumstances to advance considerations of compensation and deterrence.  *Fogerty v. Fantasy, Inc.*, 510 U.S. at 535.  A prevailing party in a copyright action need not prove blameworthiness or exceptional circumstances to be awarded attorney's fees.  While the court may consider culpability, the court is not required to do so.  *See Fogerty v. Fantasy, Inc.*, 94 F.3d 553, 558 (9th Cir. 1998); *accord Sherry Mfg. Co. v. Towel King of Florida, Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987).  In determining whether to award fees to a prevailing party, the court may not consider whether the losing party can afford to pay the fees, but must rather consider whether the imposition of fees will further the goals of the Copyright Act. *See Mitek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 843 (11th Cir. 1999). While the award of attorney's fees under Section 505 lies within the discretion of the District Court, where a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees is very strong.  *See Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005); *accord Casella v. Morris*, 820 F.2d 362, 366 (11th Cir. 1987).

1. Defendants Were Completely Successful on Plaintiff's Claims

Initially, it is undisputed that Defendants' success in this case was total and complete.  All of Plaintiff's copyright claims were resolved in favor of Defendants.  This is a factor which strongly supports an award of attorney's fees to Defendants.  *See*

*Maljack Prods., Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996).

### 2. Plaintiff's Case Was Objectively Unreasonable

Plaintiff's case was objectively unreasonable, if not frivolous.  It is undisputed that Plaintiff had the burden of proving both originality and substantial similarity.  *See CMM Cable Rep v. Ocean Coast Props.*, 97 F.3d 1504, 1513 (11th Cir. 1990).  Plaintiff should have known this, as Plaintiff's principal testified at his deposition that he is an attorney with experience in copyright litigation who has been involved in numerous copyright cases.  Nevertheless, while Plaintiff retained a musicologist as an expert witness before filing the lawsuit, Plaintiff never asked its expert whether the phrases at issue were original to Plaintiff's songs, but merely whether the songs at issue contained substantial similarities to Plaintiff's songs.  Even during the litigation, when Defendants continually raised originality as an issue, and also provided Plaintiff with expert reports stating that the phrases at issue were not original to Plaintiff's work, Plaintiff still never asked its expert witness for an opinion on originality.  Indeed, at the August 28, 2006 deposition of Plaintiff's expert witness, Judith Finell, Ms. Finell testified that Plaintiff had still never asked her to provide an opinion on originality as to either work (Ex. 11 to DE # 44, at 99, 106-07).

Plaintiff, who did not create or perform the songs, also never asked the composer of the songs whether he had created the phrases in question.  Indeed, the composer provided a declaration for Defendants in which he stated that he did not create the phrase "Go _____, it's your birthday" (Ex. 8 to DE # 44).  However, Plaintiff did not depose the composer or otherwise ask him about the issue.

Furthermore, even as to substantial similarity, Plaintiff's expert witness only looked for similarities among the songs and never analyzed the songs' dissimilarities.

As the District Court stated in granting summary judgment for Defendants, the questioned works must be compared as a whole for purposes of assessing substantial similarity (DE # 83 at 10).

Finally, it was only after Defendants filed their summary judgment motions that Plaintiff dismissed its claims regarding the phrase, "I Like It, I Love It".

Plaintiff argues that its claims were not objectively unreasonable by attaching its appellate briefs to its response (DE # 111 at 2-3). This attempt to reargue the summary judgment motion fails. In granting summary judgment for Defendants, the District Court found that the phrases at issue were not original, and the Eleventh Circuit affirmed the grant of summary judgment by adopting the District Court's order. To repeat, as the District Court stated in granting summary judgment for Defendants, the questioned works must be compared as a whole for purposes of assessing substantial similarity (DE # 83 at 10), and Plaintiff never examined whether the alleged copied phrases were original.

Therefore, the inadequacy and/or non-existence of Plaintiff's investigation as to whether the phrases at issue were original; and Plaintiff's failure to obtain expert testimony on that issue, are other factors strongly indicating that Plaintiff's case was objectively unreasonable, and that Defendants should be awarded attorney's fees.

3. __Plaintiff's Motivation in Filing and Pursuing this Case Was, At Least, Questionable__

The issue of whether Plaintiff's motivation in filing and pursuing this case was improper is a close question. However, the undersigned finds that Plaintiff's motivation in filing this case was at least questionable, if not improper or in bad faith, as Plaintiff waited for almost three years after the songs at issue were released before filing this case, while during that period Defendants spent large sums to exploit the songs. Only

when the songs were successful did Plaintiff send a cease and desist letter and then file the instant suit shortly thereafter.  Moreover, the undersigned finds that some of Plaintiff's litigation conduct shows improper motivation, especially the withdrawal of its claims regarding "I Like It, I Love It" only after Defendants had spent significant sums defending the claim, including filing a summary judgment motion directed to that song.

Defendants assert that Plaintiff's trial counsel repeatedly stated during the litigation that if Defendant's album had not done well, the suit would not have been brought.  Plaintiff has not controverted that its trial counsel made these statements.  Plaintiff's damages expert opined that $80,000,000 in Defendants' profits were attributable to the alleged infringements, which were approximately eleven seconds in length.  Plaintiff has also not controverted that its damages expert gave this opinion.

Defendants also assert that Plaintiff sent a cease and desist letter years after the release of the album to Defendant record companies just before the Christmas holiday with an unrealistically short deadline, and Plaintiff refused to provide a settlement figure until mediation.  Defendants assert that the biggest impediment to settling this case was Plaintiff's position that attorney's fees would not be assessed against it should it lose the case.

The undersigned also finds that Plaintiff's action in dismissing its claims regarding "I Like It, I Love It" only after Defendants had spent significant sums defending the claim, including obtaining expert reports and filing a summary judgment motion directed to that song, indicate questionable good faith in the initial pursuit of these claims, although the undersigned declines to make an express finding of bad faith. Based on this finding, and on Plaintiff's undisputed tactics in pursuing this litigation as set forth above, the undersigned finds that Plaintiff's motivation in filing and pursuing

the entire case was at least questionable, which militates in favor of an award of attorney's fees to Defendants.

The use of improper motivation to support an award of attorney's fees is illustrated by *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351 (S.D.N.Y. 2006), relied upon by Defendants.  In *Baker*, the District Court awarded attorney's fees under Section 505 to a prevailing defendant in a copyright infringement case.  In awarding fees, the District Court found that the plaintiff was improperly motivated in bringing the suit, and otherwise acted in bad faith, that the lawsuit was objectively unreasonable, and that a unique need existed for both compensation and deterrence.  The court found that: 1) the plaintiff had lied in discovery, prolonging the discovery process, *id.* at 356; 2) the plaintiff had filed the case in bad faith, in part to attempt to extract a significant payment from a deep-pocketed defendants, *id.* at 358; and 3) the plaintiff's damage claim was objectively unreasonable, at almost 100 times the plaintiff's actual damages; *id.* at 358-59.  The court further found that an award of attorney's fees was necessary to deter other plaintiffs from bringing unreasonable claims.  *Id.* at 359-60.

*Maljack Productions v. Goodtimes Home Video Corp.*, 81 F.3d 881 (9th Cir. 1996), provides further illustration.  In *Maljack*, the Ninth Circuit affirmed the District Court's award of attorney's fees to a prevailing defendant under Section 505.  *Id.* at 889-90.  In affirming the district court's award, the Ninth Circuit found that the district court had properly found that the case involved no complex or novel issues of law, and had found that the case was brought in bad faith.  *Id.* at 889.  The Ninth Circuit also awarded the prevailing defendant attorney's fees on appeal under Section 505 , finding that the plaintiff's appeal was factually unreasonable, and that an award of fees might deter other baseless suits. *Id.* at 890-91.

Plaintiff argues, based on a vague due process claim, that this Court cannot consider Defendants' improper motive argument without holding an evidentiary hearing (DE # 111 at 3). However, there is no need to conduct an evidentiary hearing in order to determine Plaintiff's motive in filing and pursuing the case. Plaintiff has provided no authority supporting its position. Moreover, courts have routinely made these findings without holding an evidentiary hearing. *See Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1196 (11th Cir. 2002) ("Because courts are considered experts in this area, it is usually proper for the district court to award reasonable fees without an evidentiary hearing or additional pleadings."). Furthermore, Plaintiff has not attempted to refute any of Defendants' factual allegations regarding Plaintiff's improper motivation. Particularly troubling is the failure to pursue the issue of originality with its own expert. Under the circumstances of this case, even though the undersigned declines to make a finding of bad faith, the questionable motivation of Plaintiff in bringing and continuing this lawsuit is a factor that nevertheless militates in favor of such an award, or is at least neutral.

### 4.  A Fee Award Will Advance Considerations of Compensation and Deterrence

The undersigned further finds that awarding fees to Defendants will further the interests of the Copyright Act by deterring other plaintiffs from bringing objectively unreasonable actions without making an adequate pre-suit investigation. *See Mitek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 842-43 (11th Cir. 1999); *see also Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d at 357 (attorney's fees should be awarded to deter plaintiffs "from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences for losing.")

Plaintiff, citing *Fogerty v. Fantasy, Inc.*, 510 U.S. at 530-31, nn. 14, 16, implies that

fees should not be awarded because Plaintiff raised real issues of fact and law in non-capricious claims, and that Defendants are not entitled to attorney's fees merely because they are the prevailing parties (DE # 111 at 3-4).  However, in granting summary judgment to Defendants, the District Court found that Plaintiff had provided no evidence that the phrases in question were original.  This finding, affirmed verbatim by the Eleventh Circuit, supports an award of attorney's fees to Defendants on the grounds that Plaintiff's claims were objectively unreasonable, and that a fee award would further the interests of the Copyright Act by deterring Plaintiff here, as well as other plaintiffs, from bringing objectively unreasonable copyright actions without making an adequate pre-suit investigation.

Therefore, for the reasons stated above, it is recommended that Defendants be awarded attorney's fees under Section 505.

B.  <u>Attorneys' Fees</u>

This Court calculates a reasonable attorney's fee by using the lodestar method, which requires this Court to multiply the reasonable hours expended by Defendants' counsel by Defendants' counsel's reasonable hourly rate.  *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F.Supp. 1190, 1191 (S.D. Fla. 1991).  Defendants here bear the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates.  *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  Defendants' counsel must also supply detailed evidence of the hourly rates and time they expended so that this Court may properly assess the time claimed for each activity.  *See ACLU v. Barnes*, 168 F.3d at 427; *Norman*, 836 F.2d at 1303.

This Court must first determine whether the hourly rate is reasonable.  "A

reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299.   A reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney.  *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984).  With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Norman*, 836 F.2d at 1303.

 After determining the reasonableness of the hourly rate, this Court must next determine the reasonableness of the hours expended.  *Id.* at 1301.  Defendants' counsel must use "billing judgment" and exclude unnecessary hours, "irrespective of the skill, reputation or experience of counsel".  *ACLU v. Barnes*, 168 F.3d at 427.  Furthermore, if Defendants' counsel satisfy the burden of showing that the time spent reflects the distinct contribution of each lawyer, and the customary practice of multiple-lawyer litigation, Defendants' counsel are entitled to recover for the hours expended by multiple attorneys.  *Id.* at 432.  The reasonable hourly rate should already reflect the skill demonstrated by Defendants' counsel.  *Norman*, 836 F.2d at 1302; *Cuban Museum of Arts*, 771 F.Supp. at 1192.

 Defendants Interscope Records (Interscope), and Universal Music & Video Distribution, Corp. (Universal), request a total of $130,025.25 in attorneys' fees for services provided by their retained attorneys from Mitchell Silberberg & Knupp LLP (MSK), in Los Angeles, representing the following hours and hourly rates (DE # 105 at 5-6, ¶¶7-9):

| Attorney | Rate | Hours | Amount |
|----------|------|-------|--------|
| Russell Frackman | 585.00 | 53.8 | 31,473.00 |
| Jeffery Goldman | 427.50 | 215.2 | 91,998.00 |
| Wade Gentz | 238.50 | 5.9 | 1,407.15 |
| James Berkley | 171.00 | 30.1 | 5,147.10 |
| Total | | 305.0 | $130,025.25 |

Defendants also seek a total of $244,800.00 in attorney's fees for services provided by their retained local attorneys representing the following hours and hourly rates (DE # 106 at 2, ¶3):

| Attorney | Rate | Hours | Amount |
|----------|------|-------|--------|
| Karen L. Stetson | 375.00 | 468.8 | 175,800.00 |
| Meredith A. Frank | 250.00 | 276.0 | 69,000.00 |
| Total | | 744.8 | $244,800.00 |

1. <u>Hourly Rates</u>

In support of the hourly rates requested for the MSK attorneys and paralegal, attorney Frackman relies upon: 1) the counsels' and paralegal's experience; 2) the background of the action; 3) the work performed and expenses incurred in this action; 4) the fact that MSK has discounted its normal rates by 10% for this case and 5) the November 27, 2006 Declaration of James A. Gale, Esq. (DE # 107) (DE # 105 at 1-6, ¶¶1-9; DE # 116 at 8-9).  In support of the hourly rates requested for the local attorneys, attorney Stetson relies upon: 1) the counsel's and staff's experience; 2) the background of the action; 3) the work performed and expenses incurred in this action and 4) the November 27, 2006 Declaration of James A. Gale, Esq. (DE # 107) (DE # 106 at 1-2, ¶¶1-3 and 4-5, ¶5; DE # 116 at 8-9).

Plaintiff objects to the hourly rates requested by the MSK attorneys and paralegal

as too high for this market, and contends that Defendants' expert, attorney Gale, does not attempt to justify the MSK hourly rates by reference to the South Florida market. Plaintiff, relying on *St. Fleur v. City of Fort Lauderdale*, 149 Fed. Appx. 849, 853, (11th Cir. 2005), states that a court ordered hourly rate in 2004 for experienced employment discrimination lawyers in this District was $250.00, and $85.00 for a paralegal.  Plaintiff contends that attorney Stetson's hourly rate should be the benchmark and that no higher rate should be applied for the MSK lawyers.  Plaintiff submits that the hourly rates should be as follows: attorney Stetson $350.00; attorney Frank, admitted in 2001, $175.00; attorney Gentz, graduated law school in 2003, $150.00, attorney Frackman, $350.00; attorney Goldman, $350.00 and paralegal Berkley, $85.00 (DE # 111 at 11-13). Plaintiff has not provided an expert's affidavit regarding reasonable hourly rates.

Defendants reply that the Court is entitled to award the hourly rate which the MSK attorneys charge by referring to the Los Angeles market, due to the complexity of this litigation and because Defendants' expert, attorney Gale, opined that the MSK hourly rates were reasonable for the Los Angeles market (DE # 116 at 8-9).

After reviewing Defendants' supporting documentation, the nature of this case, and based upon the Court's own knowledge and experience, the undersigned Magistrate Judge finds reasonable the following requested hourly rates for the local attorneys: $375.00 for partner Karen Stetson, practicing since 1986; and $250.00 for seventh- year associate Meredith Frank, practicing since 2001.

However, the undersigned finds that the hourly rates requested by Defendants for the MSK attorneys and paralegal are excessive for the South Florida market.  *See ACLU v. Barnes*, 168 F.3d at 437-38; *Norman*, 836 F.2d at 1299.  It is undisputed that the experience of the MSK attorneys in this type of litigation is substantial.  However, the

17

record contains no evidence that Miami counsel, such as attorney Stetson, could not have represented Defendants effectively, even if perhaps not as efficiently as the MSK attorneys. Therefore, the undersigned reduces the hourly rates requested for the MSK attorneys to hourly rates more in keeping with the local Miami market, as follows: the requested rate of $585.00 for partner Frackman, practicing since 1971, is reduced to $500.00; the requested rate of $427.50 for partner Goldman, an attorney admitted in 1991, is reduced to $375.00; the requested rate of $238.50 for fourth-year associate Gentz, practicing since 2003, is reduced to $200.00; and the requested rate of $171.00 for paralegal Berkley, working with MSK since 2003, is reduced to $100.00.

2. <u>Reasonableness of Hours Billed</u>

Defendants seek reimbursement for the following hours worked by the MSK attorneys and paralegal: 1) 53.80 hours for attorney Frackman; 2) 215.2 hours for attorney Goldman; 3) 5.9 hours for attorney Gentz; and 4) 30.1 hours for paralegal Berkley.

Defendants also seek reimbursement for the following hours worked by local counsel: 1) 468.80 hours for attorney Stetson and 2) 276 hours for attorney Frank.

Plaintiff has made both general and specific objections to the time billed by Defendants' attorneys. The undersigned has carefully reviewed the time sheets and the other supporting documents submitted by Defendants, as well as the arguments of the parties.

Plaintiff argues that the hours billed by Defendants' counsel should be reduced by 50% due to "block billing" and 2) redundant billing (DE # 111 at 4-11). Specifically, Plaintiff contends that most of the billing entries constitute "block billing", and that therefore it is not possible to ascertain how much time was reasonable to spend to

perform each task billed within the same block (DE # 111 at 4-8).  Plaintiff also contends that Defendants' billing records show that multiple lawyers worked on the same task (DE # 111 at 8-11 and App. C to DE # 111).  Finally, Plaintiff argues that Defendants' counsel showed a lack of billing judgment in claiming travel time from California for attorney Goldman on six occasions (DE # 111 at 11).

Defendants oppose any reduction in the hours billed.  Defendants contend that as to block billing, Plaintiff does not specify any entry for which the total time billed is unreasonable for the activities described.  Moreover, Defendants contend that the amount of hours billed should not be reduced due to block billing because all of the fees in this case are recoverable, and because the billing entries are sufficiently detailed so that this Court may find that the hours billed were reasonable.  In any event, Defendants contend that a reduction of 40% or 50% of the hours is unreasonable.  Defendants state that they can provide the Court with additional information if necessary (DE # 116 at 5-7). Finally, Defendants note that they have not requested the hours which they spent preparing the fee application (DE # 116 at 7 n. 4).  Defendants claim that they have not improperly billed for multiple attorneys doing the same work, in that MSK represented Defendants Interscope and Universal, and local counsel represented Defendant Jackson. Defendants state that there is nothing wrong with a more senior lawyer reviewing a pleading written by a more junior lawyer, and that different lawyers representing different Defendants may prepare for the same deposition in different ways (DE # 116 at 7-8).

The undersigned finds that the billing records of Defendants' attorneys are replete with block billing, and that this makes it difficult to establish whether the amount of time spent on any one task was reasonable.  *See Oxford Asset Management, Ltd. v, Jaharis*,

297 F.3d 1183, 1196 (11th Cir. 2002).  Moreover, there appears to be some duplication of effort, though not nearly as much as Plaintiff contends.  It is reasonable and common for a partner to review the work performed by an associate attorney.  Moreover, MSK and local counsel were representing separate Defendants, even though the separate Defendants had very similar interests.  As Plaintiff chose to sue three separate entities, he cannot be heard to complain that the parties chose to retain two different law firms to represent them.  Naturally, this will increase the legal fees incurred.

Moreover, as Defendants pointed out in their motion, and Plaintiff has not refuted, Plaintiff's unreasonable actions increased Defendant's costs in defending this case.  For example, Plaintiff refused to stipulate, at the beginning of the case, to bifurcating liability and damages.  Plaintiff also unilaterally canceled the first deposition of Defendant Jackson in New York after local counsel and MSK had already arrived in New York, causing additional expense and the need to prepare Defendant Jackson for deposition twice.   Plaintiff also did not dismiss its claim regarding "I Like It, I Love It" until after Defendants had filed for summary judgment (DE # 104 at 12).

The undersigned has thoroughly examined the voluminous billing records of Defendants' counsel, provided by Defendant in support of their motion.  Defendants' local counsel claims 744.8 hours, and MSK claims 305.0 hours, for a total of approximately 1050 hours.  Due to the voluminous fee documentation and the large number of hours claimed, the undersigned will not conduct an hour-by-hour review.  *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001); *accord Trujillo v. Banco Central del Ecuador*, 229 F.Supp.2d 1369, 1375-76 (S.D. Fla. 2002).

It is clear from a review of the case that the great majority of the hours billed by Defendants' counsel are reasonable.  However, the combination of extensive block

billing, combined with multiple attorneys working on the same tasks makes it difficult to ascertain whether the time spent on the individual tasks are reasonable.

For an example of block billing, on October 18, 2006, attorney Goldman block billed 9.80 hours for: attending a meeting with attorneys Stetson and Frank regarding trial preparation, hearing on motion to supplement opposition to summary judgment motion and motion to dismiss claims; prepare for and attend court hearing regarding same; draft motion in limine re McBowman; telephone conferences with attorneys Stetson and Gentz regarding same; emails to attorneys Stetson and Gentz regarding same; emails to Geller and Miller regarding court hearing, 50 Cent and Ed Lover depositions, trial preparation; telephone conversation with Wunderlich regarding expert report.

Also on October 18, 2006, attorney Stetson block billed 8.20 hours for: preparing for hearing; telephone conference with Wolfe re same; meeting with attorney Goldman re dismissal issue; attendance at hearing on motion to supplement and motion to dismiss I Like It; meeting with attorney Goldman on trial preparation and motion in limine re McBowman; telephone conference with Goldman re Wunderlich; email to Geller re update; exchange of emails with Dobbins re Ed Lover; review emails from Wolfe and letter from McBowman re: apportionment; review draft motion to exclude McBowman testimony; exchange emails with Miller re depositions; telephone conference with attorney Goldman re same; exchange emails with Geller re hearing and summary judgment.

On October 18, 2006, attorney Frank block billed 8.4 hours for: assisting with preparation for hearing on motion to withdraw/dismiss; attending hearing; meeting with attorney Goldman re trial preparation; telephone conference with NY court reporter;

prepared proposed order on motion for leave to supplement; prepare proposed order on motion to withdraw/dismiss; prepare proposed order on extending discovery deadline; interoffice with attorney Stetson re same.

Similarly, on October 24, 2006, attorney Goldman block billed 6.20 hours for: reviewing and revising motion in limine re McBowman; emails to attorney Stetson regarding same; conference with attorney Stetson regarding same; meeting with Wunderlich and attorney Frackman regarding expert report; review and analyze same; emails to Geller, Miller and attorney Stetson regarding same; email to Wolfe regarding same; review and analyze supplemental opposition to summary judgment motion; emails to Geller, Miller, and attorneys Frackman, Stetson, Frank and paralegal regarding same; draft reply; legal research regarding same; conferences with attorney Frackman regarding same.

A representative example of multiple attorneys working on the same task occurred on October 13, 2006, with attorney Frackman billing 0.50 hour for a *conference with attorney Goldman*, and reviewing and sending an email, and attorney Goldman billing 0.90 hour for emails to attorney Frank regarding "Rocket Power"; review and analyze DVD; telephone conference with paralegal regarding same; *telephone conference with attorney Frackman regarding trial preparation*; *conference with attorney Frackman regarding same*; email to attorney Stetson regarding witness list (emphasis added).

Similarly, on October 11, 2006, attorney Frackman billed 0.50 hour for reviewing and revising opposition to motion to dismiss claims; telephone conference with attorney Stetson and a *conference with attorney Goldman regarding planning*, and attorney Goldman billed 2.40 hours for reviewing and revising pretrial order; emails to attorney

Stetson regarding same; telephone conferences with attorney Stetson regarding same; emails to attorney Stetson regarding same; *conference with attorney Frackman regarding trial preparation*; emails to attorney Stetson regarding witness list; telephone conference with Wunderlich regarding expert services; emails to attorney Stetson regarding same (emphasis added).

It is impossible to ascertain from the block billing entries whether the amount of time spent on any separate task performed was reasonable.  Moreover, the use of multiple attorneys to work on the same tasks, combined with frequent conferences and the use of block billing, leads to the inescapable conclusion that there was at least some duplication of effort by Defendants' various counsel in this case.  Therefore, the undersigned reduces the requested hours claimed by Defendants' counsel by twenty percent across-the-board, to 244.0 hours for MSK and 595.8 hours for local counsel, for a total of 839.8 hours.  *See Trujillo v. Banco Central del Ecuador*, 229 F.Supp.2d at 1376, citing *Loranger v Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  The undersigned finds that 595.8 hours were a reasonable amount of time for Defendants' local counsel to have spent on this case for the period from April 2006 through October 2006, and that 244.0 hours were a reasonable amount of time for MSK to have spent on this case for the period from April 2006 through October 2006.

3.  <u>Conclusion</u>

Therefore, based on the foregoing analysis, the undersigned recommends that Defendants be awarded a total of $89,425.00 in reasonable attorney's fees for the time spent by the MSK attorneys, as follows:

| Attorney | Rate | Hours | Amount |
|---|---|---|---|
| Russell Frackman | 500.00 | 43.0 | 21,500.00 |

| Attorney | Rate | Hours | Amount |
|---|---|---|---|
| Jeffery Goldman | 375.00 | 172.2 | 64,575.00 |
| Wade Gentz | 200.00 | 4.7 | 940.00 |
| James Berkley | 100.00 | 24.1 | 2,410.00 |
| Total | | 244.0 | $89,425.00 |

The undersigned recommends that Defendants be awarded a total of $195,825.00 in reasonable attorney's fees for the time spent by local counsel, as follows:

| Timekeeper | Rate | Hours | Amount |
|---|---|---|---|
| Karen L. Stetson | 375.00 | 375.0 | 140,625.00 |
| Meredith A. Frank | 250.00 | 220.8 | 55,200.00 |
| Total | | 595.8 | $195,825.00 |

Thus, the undersigned recommends a total attorney fee award to Defendants of $285,250.00.

C. <u>Costs</u>

The undersigned recommends that Defendants be awarded their requested $35,656.65 in costs, including court reporter fees, service of process fees, statutory witness fees, photocopying costs, facsimile costs, long distance telephone charges, federal express charges, computer research charges, court charges and travel expenses (DE # 104 at 16-17). Defendants' court reporter fees related to depositions and statutory witness fees are awarded pursuant to 28 U.S.C. § 1920. Defendants' other litigation expenses are awarded as part of the attorney's fees award.

The authority to award a reasonable attorney's fee under 15 U.S.C. § 505 includes the authority to award out-of-pocket expenses incurred by the attorney which are typically charged to a client in the course of providing legal services, such as

photocopying, paralegal expenses, travel costs and telephone costs.  Other costs, such as those incurred by a party to be paid by a third party and not by the attorney in the case are not considered to be part of the attorney's fee.  These costs, such as docket fees and deposition expenses, are recoverable only to the extent permitted by 28 U.S.C. § 1920.  *See Data General Corp. v. Grumman Systems Support Corp.*, 825 F.Supp. 361, 366-67 (D. Mass. 1993) (prevailing plaintiff in a copyright infringement case may be awarded, as part of the attorney's fees award, the costs of courier service, computer research, local travel, meals, telephone postage and parking).  Similarly, the United States District Court for the Southern District of New York has held that "[w]hen a court makes an award of attorney's fees it can also award the prevailing party 'reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients', so long as these costs are 'incidental and necessary to the litigation.'" *Arthur Kaplan Co., Inc., v. Panaria Int'l, Inc.*, 1999 WL 253646 at 2-4 (S.D.N.Y. 1999) (internal citations omitted) (costs awarded to a prevailing plaintiff in a copyright infringement action included process server charges, investigator fees, local counsel costs, witness expenses, computer research expenses, travel expenses and administrative expenses).  *Accord Invessys, Inc., v. The McGraw-Hill Companies, Ltd.*, 369 F.3d 16, 22 (1st Cir. 2004) (attorney's fees awarded to a prevailing defendant in a copyright infringement action included out-of-pocket expenses normally charged by attorneys to clients, such as costs for computer assisted research); *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (attorney's fees awarded to a prevailing plaintiff in a copyright infringement action included out-of-pocket expenses normally charged by attorneys to clients, such as costs for long distance and fax and for messengers and express mail).

The undersigned finds that under the cases cited above, Defendants here are entitled to, as part of their attorney's fees award, their litigation expenses, which include reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients, so long as these costs are incidental and necessary to the litigation.  Defendants have included these expenses in their bills to clients, attached to the Declarations of attorneys Stetson and Frackman (DE ## 105, 106).  Defendants' expert, James Gale, Esq., has opined that these requested costs were necessary to the defense of this matter and were typically charged to and paid by clients (DE # 105 at 3, ¶ 8).  Therefore, the undersigned finds that Defendants should be awarded, as part of their attorney's fees award, their litigation costs which include reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients, so long as these costs are incidental and necessary to the litigation.  This includes service of process fees, photocopying, facsimiles, long distance telephone charges, federal express charges, computer research charges, court charges and travel expenses, which are hereby awarded as part of the attorney's fees award.  Defendants' request for an award of court reporter fees related to depositions and for statutory witness fees should also be granted, pursuant to 28 U.S.C. § 1920.[6]

For the reasons stated above, the undersigned rejects Plaintiff's position that Defendants are only entitled to an award of their requested costs allowed pursuant to 28 U.S.C. § 1920.  The undersigned finds that Plaintiff's reliance on *Guetzloe Group v. Mask*, 2007 WL 2479335 (M.D. Fla. 2007) (DE # 111 at 1314), is misplaced.  In *Guetzloe Group*, the court held that prevailing defendants in a copyright infringement action were not

---

[6] Plaintiff concedes that under Section 1920, Defendants should be awarded $2,803.44 in costs for items relating to the deposition of Plaintiff, as well as the depositions of Ferrara and of expert witness Finell (DE # 111 at 15).

entitled to the award of any costs except for those permitted by 28 U.S.C. § 1920.  Thus, the court in *Guetzloe Group* declined to award the prevailing defendants their computerized legal research costs, postage costs, facsimile charges, mediation costs, and messenger services.  However, the court in *Guetzloe Group* only construed § 1920 when it declined to award those costs–the Court did not consider whether the prevailing defendants should be awarded these costs as part of their attorney's fees, even though attorney's fees were, in fact, awarded.  It does not appear that the defendants in *Guetzloe Group* ever requested that they be awarded these litigation expenses as part of their attorney's fee award.  Thus, since the issue decided here was apparently not raised or considered in *Guetzloe Group*, there is no conflict between *Guetzloe Group* and the decision here.

Moreover, in reaching the above result, the court in *Guetzloe Group* relied upon *Artisan Contractors Assoc. of America, Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1039-40 (11th Cir. 2001).  A close examination of the decision in *Artisan Contractors Assoc.*, however, lends support to an award of the litigation costs sought in the case at bar as part of the attorneys' fee award.  At the outset, it is important to note that in *Artisan Contractors Assoc.*, the Eleventh Circuit expressly affirmed the decision of the District Court to deny an attorney's fee award under 15 U.S.C. § 505.  Thus, in *Artisan Contractors Assoc.*, the issue of whether litigation costs could be awarded as part of an attorney's fee award under Section 505 was not before the Eleventh Circuit.  Rather, the issue before the Eleventh Circuit there was whether the language of Section 505 which referred to an award of "full costs" included expert witness fees, since expert witness fees are expressly limited by 28 U.S.C. §§ 1920 and 1821.  In ruling that the use of the term "full costs" did not override the limit on expert witness fees imposed by §§ 1920

27

and 1821, and did not entitle the prevailing party to recover expert witness fees beyond the attendance fee provided by § 1821, the Eleventh Circuit followed the holding and reasoning of the Eighth Circuit in *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996).  Notably, in *Pinkham*, although the Eighth Circuit held that expert witness fees were not recoverable as part of the costs, the Court also expressly held that the attorney's fees awarded to a prevailing plaintiff in a copyright infringement action should include out-of-pocket expenses normally charged by attorneys to clients, such as costs for long distance and fax, and for messengers and express mail.  Moreover, in reaching this result, the Eighth Circuit noted that the lower court had erroneously awarded these amounts as costs under Section 1920.  This incorrect basis for the award was found to be harmless error, however, since these expenses, unlike the expert witness fees, were properly compensable as part of the attorney's fees.  Thus, the litigation expenses awarded in *Pinkham* as part of the attorney's fee award are the same litigation expenses that Defendants seek here.

The undersigned also notes that Plaintiff has not provided any expert's affidavit which states that the costs requested by Defendants either were not necessary to the defense of this matter and/or were not typically charged to and paid by clients.[7]

Therefore, for the reasons stated above, it is hereby

**RECOMMENDED** that Defendants' Renewed Verified Motion for  Attorney's Fees and Full Costs (DE # 104), be **GRANTED in part**, and that Defendants be awarded $285,250.00 in attorney's fees and $35,656.65 in costs, for a total award of $320,906.65.

The parties will have ten days from the date of service of this Order within which

---

[7] Plaintiff has not challenged the reasonableness of any specific cost or litigation expense sought by Defendants, but has taken an all or nothing approach (DE # 111 at 15).

to file written objections, if any, for consideration by the Honorable Paul C. Huck, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED in chambers in Miami, Florida, on June 6, 2008.


ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
The Honorable Paul C. Huck
    United States District Judge
All counsel of record